17732

DEPENDENTS OF John D. SWEENEY (Grace A. Sweeney et al.) and U. S. G. Sweeney, Administrator of the Estate of John D. Sweeney, Appellants, v. CAPE FEAR WOOD CORPORATION and Employers Mutual Liability Insurance Company, Respondents.

(118 S. E. (2d) 70)

*Robert L. Gray, Esq.,* of Laurens, *for Appellants,*

*Messrs. Burroughs & Green,* of Conway, *for Respondents,*

January 10, 1961.

STUKES, Chief Justice.

This is an appeal from denial of a claim for workmen's compensation on account of the death of John D. Sweeney. The Industrial Commission denied the claim because it found that there was no employer-employee relation between the decedent and the defendant, and bcause the latter is exempt from the law under the terms of Code Section 72-107(2) (requiring minimum number of employees in this State), and also exempt perforce section 72-107(4) as it is engaged in, quoting from the statute, "logging operations and work incident thereto." Upon appeal, the court affirmed the decision of the commission upon the exemptions of the defendant from the compensation law and did not pass upon the ground of denial relating to the employer-employee relationship.

Upon appeal to this court the claimants concede, in effect, the correctness of the decision concerning the exemptions of the defendant from the law but contend that it waived such. The applicable Code provision is section 72-109, as follows:

"Any person employing employees in State and exempted from the mandatory provisions of this Title may come in under the terms of this Title and receive the benefits and be

subject to the liabilities of this Title by filing with the Commission a written notice of his desire to be subject to the terms and provisions of this Title. Any such person shall come under the provisions of this Title and be affected thereby thirty days after the date of such notice."

The respondent Cape Fear etc. is a corporation under the laws of North Carolina with its principal place of business in Elizabethtown in that State, is not domesticated here, but it has an office, records and one employee at Conway in this State. It is a dealer or broker in pulpwood. It bought the pulpwood trees on a small tract of land in this State, sold the pulpwood to Sweeney at a unit price and bargained to pay him for it cut and delivered at a receiving station in North Carolina. He was what is called in the trade a pulpwood producer and he owned his equipment and employed three laborers. *Miles v. West Virginia Pulp & Paper Co.*, 212 S. C. 424, 48 S. E. (2d) 26. Operating his truck in North Carolina he was in a fatal accident and his dependents filed claim for workmen's compensation.

The corporation was not exempt from the compensation law of North Carolina and operated under it there. Its insurance carrier was the other respondent here. The latter also insured the compensation liability of several allied corporations. *Without the knowledge of Cape Fear* the insurance carrier filed a workmen's compensation policy (called a "master policy") with the South Carolina Commission which purported to insure Cape Fear Wood Corporation, Cherokee Timber Corporation, Pineland Trading Corporation, Seaboard Trading Corporation and Acme Wood Corporation. (At least some of these corporations, other than Cape Fear, did business in this State and were, or had elected to come, under our workmen's compensation law. There had been no prior claim in this State against Cape Fear for workmen's compensation.) It is this single circumstance which appellants contend evidenced the intention of Cape Fear to elect to come under the compensation law pursuant to the terms

of Code Sec. 72-109, quoted above. There was no other evidence which indicated such intention of Cape Fear, which it denies.

We have held that substantial compliance with the statute is sufficient to bring an exempt employer within the terms of the compensation law. *Yeomans v. Anheuser-Busch,* 198 S. C. 65, 15 S. E. (2d) 833, 136 A. L. R. 894.

Mere statement of the foregoing facts is sufficient to show that the case in hand is far afield of the statute and does not come within the rule of the Yeomans case. Rather it falls within *Carter v. Associated Petroleum Carriers,* 235 S. C. 80, 110 S. E. (2d) 8, and the Industrial Commission properly held, affirmed by the lower court, that it had no jurisdiction of the claim. A casual reading of the cited decisions is conclusive. The following excerpts from the opinion in the *Yeomans case* show the vital differences in the facts of that case, which is relied upon by appellants, and this [198 S. C. 65, 15 S. E. (2d) 834] :

"Some months prior to the accident * * * there was filed with an agency of the Commission a notice that the employer had procured a policy of insurance from the carrier * * * endorsed to the effect that it was applicable and in force in South Carolina under the terms of our Compensation Act, and containing provisions in compliance with Section 71 of the Act making it a direct obligation from the carrier to the respondent employee. Thereupon two copies of a form letter (with explanation that the second copy was for the carrier) were forwarded by the Commission to the employer whereby receipt was acknowledged of the proof of insurance and that it had been filed, reciting the policy number, assigning code numbers to the employer and carrier and instructing with respect to the report of accidents, etc. There was no evidence of reply to this letter or other action thereabout, although it was stamped as received by the employer on April 13, 1939. * * * In addition to the facts above mentioned, there is in the record only the testi-

mony by deposition taken in St. Louis of the insurance manager of the employer who testified as to the number of employees in South Carolina and that their 'salary and wages are allocated to the State of South Carolina for the computation of Workmen's Compensation insurance premiums.' There was no testimony from him, except proper inferences from his evidence just quoted, or any other witness as to the intention and desire of the employer with respect to election to come within the terms of the Compensation Law. Thus we have a record which contains evidence all one way (except the bald failure of the employer to file formal notice under 5(b), tending to establish that the employer did desire to become subject to the Act."

Affirmed.

TAYLOR, OXNER, LEGGE and MOSS, JJ., concur.