22565

Roy Lee DAVIS, Appellant v. SOUTH CAROLINA DEPARTMENT OF CORRECTIONS, Prisoners and State Workers' Compensation Fund, Respondents.

(345 S. E. (2d) 245)

Supreme Court

*C. Robert Faucette* and *M. Terry Haselden,* both of *Faucette & Rudasill, P.A.,* Spartanburg, *for appellant.*

*E. Ros Huff, Jr.,* of *State Workers' Compensation Fund,* Columbia, *for respondents.*

Heard April 8, 1986.

Decided June 9, 1986.

NESS, Chief Justice:

This is an appeal from an order of the circuit court setting aside an award of worker's compensation benefits. We reverse and reinstate the award.

Appellant Davis worked as a kitchen helper while serving a youthful offender sentence at a work release center in Spartanburg. While cleaning a deep fat fryer, Davis slipped and landed on his back in a puddle of hot grease on the floor. He was very severely injured and had not reached maximum healing at the time of the hearing. The single commissioner ruled the injury was compensable and awarded Davis temporary total benefits and medical benefits under the Act. The full commission affirmed. The circuit judge reversed, ruling that a former inmate is not entitled to temporary total or medical benefits under the Act.

Historically, prisoners have been ineligible for worker's compensation benefits. Larson, *Workmen's Compensation Law,* Section 47.31; *Hamilton v. Daniel International Corporation,* 273 S. C. 409, 257 S. E. (2d) 157 (1979). However, South Carolina has expressly provided that an inmate of the Department of Corrections who suffers an injury for which worker's compensation benefits are provided may, upon his release, be paid compensation for his injury. S. C. Code Ann. Section 42-1-480 (1976).

The trial judge held medical benefits are not available to a former inmate, because Section 42-1-480 expressly provides for "compensation," but not medical benefits. Since the definition of "compensation" provided by Section 42-1-100 (1976)

does not include medical benefits, he held Section 42-1-480 must be read to exclude coverage for medical benefits. We disagree.

Section 42-1-480 makes "compensation under the provisions of this Title" available to former inmates.

The statute also discusses "benefits" which are available to former inmates. The statute clearly contemplates availability of full worker's compensation benefits, to former inmates, subject only to the restrictions expressly imposed by statute. See, e.g., Section 42-1-490 (1976) [prohibiting lump-sum settlements].

The Worker's Compensation Act should be liberally construed in furtherance of the purposes for which it was designed. Any reasonable doubts as to construction should be resolved in favor of the claimant by including him within the coverage of the Act rather than excluding him. *O'Briant v. Daniel Construction Company,* 279 S. C. 254, 305 S. E. (2d) 241 (1983). It would require a strained construction of the Act to allow a former inmate compensation for permanent disability, yet deny him the medical treatment which may prevent his injury from resulting in permanent disability. An injury is no less serious simply because it occurred in the prison workplace, and the needs of the injured former inmate are no different than those of injured employees. *Worker's Compensation for Prisoners,* 51 N. Y. U. L. Rev. 478 (1976).

We hold that Section 42-1-480 (1976) authorizes payment of medical benefits to a former inmate under the terms of the Worker's Compensation Act. For the same reasons discussed above, we also hold Section 42-1-480 authorizes payment of temporary total benefits to a former inmate who otherwise qualifies under the Act. See, e.g., Section 42-7-65 (1976).

The order of the trial judge is reversed, and the award of the Industrial Commission is reinstated.

Reversed.

GREGORY, HARWELL and FINNEY, JJ., and LITTLEJOHN, Acting J., concur.

CHANDLER, J., not participating.