0910

Gary NOLAN, deceased; Peggy Ann Nolan, widow; James Michael Nolan; David King Nolan; and Kathryn Lynn Nolan, dependent children, Appellants v. NATIONAL SALES COMPANY, INC., Employer, and Commercial Union Insurance Company, Carrier, Respondents.

(354 S. E. (2d) 575)

Court of Appeals

*Duke K. McCall, Jr.,* and *Fletcher C. Mann,* of *Leather-wood, Walker, Todd & Mann,* Greenville, *for appellants.*

*David H. Keller* and *Robert S. Galloway, Jr., Haynsworth, Perry, Bryant, Marion & Johnstone,* Greenville, *for respondents.*

Heard Feb. 25, 1987.

Decided March 23, 1987.

GOOLSBY, Judge:

This is a workers' compensation case arising out of the death of Gary Nolan. The appellants are Nolan's widow and children. The respondents are Nolan's employer, National Sales Company, Inc., and its carrier, Commercial Union Insurance Company. The single commissioner and an evenly divided full commission held that National was subject to the South Carolina Workers' Compensation Law and ordered National and Commercial Union to pay death benefits to Nolan's widow and children. The circuit court reversed. The dispositive issues concern whether Section 42-1-360 (2) of the South Carolina Code of Laws (1976) exempted National from the provisions of the Workers' Compensation Act and whether a multi-state endorsement in National's workers' compensation policy estopped National and Commercial Union from denying coverage. We affirm.

Nolan died in an airplane crash in Greenville County in 1984. His death arose out of and in the scope of his employ-

ment with National as he travelled to Greenville from Rome, Georgia. National is the selling agent of Integrated Products, Inc., a manufacturer of carpet yarn.

At the time of Nolan's death, National had six employees. National, however, never had more than three employees physically present in South Carolina at any one time.

Nolan's widow and children seek to recover workers' compensation benefits in this state, having refused a tender of death benefits under Georgia law from National and Commercial Union. The policy issued by Commercial Union carries a multi-state endorsement.

I.

The appellants first contend that the circuit court erred in holding that National was exempt from this state's Workers' Compensation Act because it did not have the requisite number of employees regularly employed in South Carolina when Nolan was killed.

Section 42-1-360 provides in part: "This Title shall not apply to ... (2) [a]ny person who has regularly employed in service less than four employees in the same business within the State ...."

The statute exempts from the compensation law an employer employing three employees or less. *Dependents of Sweeney v. Cape Fear Wood Corp.*, 237 S. C. 471, 118 S. E. (2d) 70 (1961). Because the record shows that National never had more than three employees in South Carolina, the circuit court correctly held that National enjoyed an exemption from this state's Workers' Compensation Act.

The appellants, however, point to Section 42-15-10 of the Code and argue that its provisions override the clear and unambiguous provisions of Section 42-1-360 (2). Section 42-15-10 provides in part; "Any employee covered by the provisions of *this* Title is authorized to file his claim under the laws of the state where he is hired, the state where he is injured, or the state where his employment is located." [Emphasis ours.]

We have difficulty understanding the appellants' contention in this regard. Very clearly, Section 42-15-10 conditions the right of an employee to file a claim under the Workers'

Compensation Act of this state on the employee being covered in the first instance by this state's Workers' Compensation Act. Unless the employee is "covered by the provisions" of South Carolina's Workers' Compensation Act, he is not authorized to file a claim at all. Here, as we have held, this state's Workers' Compensation Act did not cover Nolan because National regularly employed less than four employees in South Carolina.

The appellants' reliance on *Thomas v. Washington Gas Light Company*, 448 U. S. 261, 100 S. Ct. 2647, 65 L. Ed. (2d) 757 (1980), *Carroll v. Lanza*, 349 U. S. 408, 75 S. Ct. 804, 99 L. Ed. 1183 (1955), *Employers Insurance Company v. Industrial Accident Commission*, 306 U. S. 493, 59 S. Ct. 629, 83 L. Ed. 940 (1939), and *Roadway Express, Inc., v. Warren*, 163 Ga. App. 759, 295 S. E. (2d) 743 (1982), *cert. granted* 461 U. S. 904, 103 S. Ct. 1873, 76 L. Ed. (2d) 805 (1983), is misplaced in that these cases, unlike the one here, involve a conflict of laws question. The appellants make no contention that any law but South Carolina's applies.

## II.

The appellants next contend that the circuit court erred in holding that National and Commercial Union were not estopped from denying coverage under the Workers' Compensation Act of South Carolina because the policy issued by Commercial Union contained a multi-state endorsement. They cite *Security Insurance Group v. Plank*, 133 Ga. App. 815, 212 S. E. (2d) 471 (1975), in support of their position.

In *Plank*, an out-of-state employee was killed on the job site in Georgia. The employer carried a workers' compensation policy that insured its employees in whatever state an employment accident occurred, including Georgia. The court held that the insurer was estopped to deny coverage on the ground that the employer during certain weeks had less than the required number of employees working in Georgia. The court, however, bottomed its holding on a Georgia statute that read: "[A]n insurer who issues a policy of compensation insurance to an employer not subject to this Title shall not plead as a defense that the employer is not subject to this Title; . . . ." GA. CODE ANN. § 114-607 (1933).

South Carolina has no statute like the Georgia statute. We

therefore decline to follow *Plank. See* 1C A. LARSON, THE LAW OF WORKMEN'S COMPENSATION § 46.46 at 8-280 (1986) (discussion relating to other states that have adopted the estoppel rule by statute).

An employer's mere procurement of workers' compensation insurance carrying a multi-state endorsement does not serve to estop the employer from denying coverage in South Carolina. *Cf. Id.* § 46.42 at 8-269 ("... insurance coverage is at most persuasive but by no means conclusive evidence of coverage ...". Something else is required in South Carolina. That "something else" is substantial compliance with Section 42-1-380.

The latter statute allows any person exempted from the mandatory provisions of the Workers' Compensation Act to be subject thereto "by filing with the Commission a written notice of his desire to be subject to the [Act's] terms and provisions...." Nowhere in the record is there any evidence that either National or Commercial Union filed with the Workers' Compensation Commission either a written notice of National's desire to be subject to the terms and provisions of the Workers' Compensation Act or the policy issued by Commercial Union. Without the notice or its equivalent, National's exemption under the act remained intact. *Cf. White v. J. T. Strahan Co.*, 244 S. C. 120, 135 S. E. (2d) 720 (1964) (the obtaining of workers' compensation insurance by an exempt employer and the filing of the policy by the carrier with the Workers' Compensation Commission constituted substantial compliance with the Workers' Compensation Act and sufficiently evidenced an election by the employer to come within the terms of the act).

### III.

The appellants' contention that Nolan was covered as a statutory employee of Integrated Products appears for the first time on appeal and will not be addressed by us. *See Mann v. Walker*, 285 S. C. 194, 328 S. E. (2d) 659 (Ct. App. 1985) (the Court of Appeals will not grant relief on an alleged error asserted for the first time on appeal).

Also, the contention is manifestly without merit. We note that Integrated Products is not a party.

Affirmed.

SANDERS, C. J., and CURETON, J., concur.