### 22837

Gary NOLAN, Deceased; Peggy Ann Nolan, Widow; James Michael Nolan; David King Nolan; and Kathryn Lynn Nolan, Dependent Children, Petitioners v. NATIONAL SALES COMPANY, INC., Employer, and Commercial Union Insurance Company, Carrier, Respondents.

(364 S. E. (2d) 752)

Supreme Court

*Duke K. McCall, Jr.,* and *Jack H. Tedards, Jr.,* of *Leather-wood, Walker, Todd & Mann,* Greenville, *for petitioners.*

*David H. Keller* and *Robert S. Galloway, Jr.,* of *Haynsworth, Marion, McKay & Guerard,* Greenville, *for respondents.*

Heard Dec. 9, 1987.

Decided Feb. 8, 1988.

HARWELL, Justice:

This is a worker's compensation case. We granted certiorari to review the decision of the Court of Appeals in *Nolan v. National Sales Co.,* 292 S. C. 1, 354 S. E. (2d) 575 (Ct. App. 1987) and now affirm.

South Carolina Code Ann. § 42-1-360(2) (1985) exempts from the Workers' Compensation act any employer "who has regularly employed in service less than four employees in the same business within the State." The Court of Appeals interpreted this statute to exempt employers with less than four employees in South Carolina. Petitioners contend that "within the State" modifies "business," not "employees." They argue, therefore, that a company's out-of-state employees should also be counted when determining the number of employees for exemption purposes.

In *Yeomans v. Anheuser-Busch, Inc.,* 198 S. C. 65, 68, 15 S. E. (2d) 833 (1941), this Court noted that an employer based in another state was exempt from South Carolina's

Workers' Compensation act because it employed *"in South Carolina* at the time of the accident only two persons." (Emphasis. added). In *Dependents of Sweeney v. Cape Fear Wood Corporation*, 237 S. C. 471, 472, 118 S. E. (2d) 70, 71 (1961), this Court characterized the predecessor statute of § 42-1-360(2) as "requiring [a] minimum number of employees *in this state."* (Emphasis added).

We recognize that the issue of out-of-state employees was not critical in either case. These opinions nevertheless reflect this Court's reading of the statute to require at least four employees *in South Carolina* for inclusion. For over forty years the Legislature has taken no action mandating a different interpretation; we are satisfied that a different interpretation was never intended.

The opinion of the Court of Appeals is

Affirmed.

NESS, C. J., and GREGORY, CHANDLER and FINNEY, JJ., concur.