· 1119

William Andrew HOPKINS, Appellant v.
FLOYD'S WHOLESALE, Respondent.
(367 S. E. (2d) 447)

Court of Appeals

*John E. Miles,* Sumter, *for appellant.*

*Hugh L. Willcox, Jr.,* Florence, *for respondent.*

Heard Feb. 23, 1988.

Decided March 28, 1988.

GOOLSBY, Judge:

In this workers' compensation case, William Andrew Hopkins appeals from an order of the circuit court reversing the administrative decision of the South Carolina Workers' Compensation Commission in which it awarded Hopkins weekly payments of temporary total disability and required the respondent Floyd's Wholesale to pay all medical expenses incurred by Hopkins because of an accidental injury suffered by Hopkins on February 25, 1982. The circuit court reversed the commission, finding Hopkins' claim for workers' compensation time-barred under Section 42-15-40 of the South Carolina Code of Laws (1976). Section 42-15-40 prescribes a two-year limitation period for the filing of a claim for compensation after an accident. We reverse.

The commission found that, after Hopkins was injured, Floyd's Wholesale assured Hopkins that he would receive compensation for his injury and that his medical bills would be paid. It further found that Hopkins relied on these assurances and that Floyd's Wholesale in fact paid compensation to Hopkins for a sixteen-month period ending on June 26, 1983. The record reflects, and no one disputes, that

Hopkins filed a claim eight months later and that the date of filing was two years and two days after the date of Hopkins' accident.

The circuit court reversed the commission because there was no evidence that, during the eight-month period before Hopkins filed for compensation, Floyd's Wholesale promised Hopkins "additional compensation or payment of medicals."

The relevant question, however, was not whether Floyd's Wholesale made additional promises to Hopkins during the eight-month period that preceded the date on which Hopkins filed for compensation but whether Hopkins timely filed his claim after Floyd's Wholesale ceased compensating him for his injury.

In determining this question, we follow the rule that, "[w]hen an employer voluntarily makes compensation payments, the period for filing usually dates from the last payment." 3 A. LARSON, THE LAW OF WORKMEN'S COMPENSATION § 78.43 at 15-234 n. 79 (1983), citing *Poole v. E.I. DuPont De Nemours & Co.*, 227 S. C. 232, 87 S. E. (2d) 640 (1955) (the payment of wages and furnishing of medical care operated as a waiver of the limitation period or estoppel); *see Dillon County School District No. Two v. Lewis Sheet Metal Works, Inc.*, 286 S. C. 207, 215, 332 S. E. (2d) 555, 559 (Ct. App. 1985), *cert. dismissed*, 288 S. C. 468, 343 S. E. (2d) 613 (1986) ("The statute of limitations period began to run at the point in time when the School District either discovered or reasonably should have discovered it had a serious roof problem . . ."); *cf. Skipper v. Marlowe Manufacturing Company*, 242 S. C. 486, 490, 131 S. E. (2d) 524, 526 (1963) (wherein the Supreme Court viewed as timely a claim filed "well within one year [ ] after" claimant knew she could no longer rely upon the alleged promises made to her by her employer and she ceased to act thereon and within 14 days after the then existing one-year statute of limitation period otherwise would have ended).

In this instance, the last payment Floyd's Wholesale made to Hopkins, as found by the commission, occurred on June 26, 1983; therefore, the two-year filing period dates from that day. Because Hopkins filed well

within two years from June 26, 1983, we hold that Hopkins timely filed his claim.

Reversed.

SHAW and CURETON, JJ., concur.