22900

Russell T. OST, Deceased, Elaine S. Ost, Widow, and Kimberlee Elaine Ost, Daughter, Respondents v. INTEGRATED PRODUCTS, INC., Employer and Self-Insurer, Appellant.

(371 S. E. (2d) 796)

Supreme Court

*David Hill Keller*, of *Haynsworth, Marion, McKay and Guerard*, Greenville, *for appellant.*

*Duke K. McCall, Jr.*, and *Michael W. Chesser*, of *Leatherwood, Walker, Todd and Mann*, Greenville, *for respondents.*

Heard June 9, 1988.

Decided Aug. 29, 1988.

TOAL, Justice:

The appellant, Integrated Products, Inc. (Integrated), appeals the decision of the Circuit Court affirming the award of death benefits to the Osts, respondents, by the Worker's Compensation Commission (Commission). Integrated contends that it has less than four employees in South Carolina and thus is exempt from the requirements of the South Carolina Workers' Compensation Act. The dispositive issue is whether the employees of National Sales Company, Inc. (National Sales), a sister corporation, are statutory employees of Integrated, and if so, whether the statutory employees can be included to meet the four employee requirement of S. C. Code Ann. § 42-1-360(2) to establish jurisdiction in South Carolina over Integrated. We hold that statutory employees can be included as employees of Integrated in South Carolina to meet the four employee requirement and therefore affirm the decisions of the Circuit Court and the Commission awarding death benefits to the Osts.

Russell T. Ost, a pilot, was killed in an airplane crash near Greenville Airport in Greenville County, South Carolina, on

January 17, 1984. At the time of his death, Ost was in the course and scope of his employement with Integrated. Ost, who lived in Georgia, regularly flew to South Carolina on Integrated's behalf. Integrated is a Georgia corporation. Integrated had no employees living in South Carolina. Three employees of Integrated regularly traveled to South Carolina as a part of their employment. A sister company, National Sales Company, Inc., is also a Georgia corporation. National Sales Company provided a sales force of three to sell in South Carolina the yarn manufactured by Integrated. These three salesmen regularly traveled to South Carolina to sell for Integrated. The frequency and destination for all South Carolina travel by employees of Integrated and National Sales was shown by flight logs for Integrated's airplane, piloted by Ost. None of the Integrated nor National Sales' employees lived in South Carolina.

S. C. Code Ann. § 42-1-360 (Law Co-op. 1976) provides that an employer who "has regularly employed in service less than four employees in the same business within the State" is exempt from the Workers' Compensation Act. The appellant first contends that Integrated is "presumptively exempt" pursuant to Section 42-1-360(2) in light of our recent decision in *Nolan v. National Sales*, 294 S. C. 371, 364 S. E. (2d) 752 (1988), affirming the Court of Appeals' decision in *Nolan v. National Sales Company*, 292 S. C. 1, 354 S. E. (2d) 575 (Ct. App. 1987). Appellant's reliance on *Nolan*, however, is misplaced. The Court of Appeals in *Nolan* concluded that National Sales was an exempted employer because it did not employ more than three employees in South Carolina. The Court of Appeals specifically noted that the employee's contention that he was covered as a statutory employee of Integrated was not properly before the court and would not be addressed. Neither the Court of Appeals nor this Court interpreted the statutory language "regularly employed in service ... in the same business within the state" to require that employees or the employer be South Carolina domiciliaries but rather that the work be performed and the business conducted in South Carolina. Additionally, the case at bar is also distinguishable from *Nolan*, in that in *Nolan*, an employee of National Sales, which would be considered a subcontractor pursuant to S. C. Code Ann. § 42-1-400 (Law

Co-op. 1976), attempted to amalgamate the employees of Integrated, the general contractor, with the employees of National Sales to satisfy the four employee jurisdictional requirement. In the present case, the converse occurs. The Osts contend that the employees of National Sales, the subcontractor, are the statutory employees of Integrated, the general contractor. We reject appellant's argument that Integrated is presumptively exempt from the Workers' Compensation Act, and find that the issue of whether National Sales' employees are statutory employees of Integrated is properly before this court.

S. C. Code Ann. § 42-1-100 (Law Co-op. 1976) provides:

> "When any person ... undertakes to perform or execute any work which is part of his trade, business or occupation and contracts with any other person ... for the execution or performance by or under such subcontractor of the whole or any part of the work undertaken by such owner, the owner shall be liable to pay any workmen employed in the work any compensation under this title which he would have been liable to pay if the workmen had been immediately employed by him."

Section 42-1-400 evinces the intention of the Legislature to extend the benefits of the Act so as to cover workers who otherwise would not be entitled to the protection thereof. The respondent argues that Integrated is the owner or general contractor, and National Sales is the subcontractor pursuant to § 42-1-400. Thus, the respondent submits that the employees of National Sales should be considered as statutory employees of Integrated.

Various cases in South Carolina have analyzed Section 42-1-400 to determine whether employees of a secondary employer constitute statutory employees of the principal employer. Due to the many different factual situations which arise, this Court recognizes that no easily applied formula can be laid down for the determination of whether or not work in a given case is a part of the general trade, business or occupation of the principal employer. Each case must be determined on its own facts. *Bridges v. Wyandotte Worsted Company*, 243 S. C. 1, 132 S. E. (2d) 18 (1963), citing *Marchbanks v. Duke Power Company*, 190 S. C. 336, 2 S. E. (2d) 825 (1939).

In the leading case, *Marchbanks v. Duke Power Company*, 190 S. C. 336, 2 S. E. (2d) 825 (1939), this Court held that when a person performs work which is part of the trade or business of the principal, the employees of the person will be considered statutory employees of the principal. We concluded that a person who was injured while painting the power company's pole was engaged in the "trade, business or occupation" of the power company because the activity was an important part of the power company's trade or business.

Likewise, in *Boseman v. Pacific Mills*, 193 S. C. 479, 8 S. E. (2d) 878 (1940), we held that when an activity performed by the employees of a subcontractor is necessary, or essential to, or an integral part of, the operation of the principal employer's business, the employees of the subcontractor constitute the statutory employees of the principal employer. There, an employee of the subcontractor, who was painting a water tank at a mill, was killed when the tank caught fire and exploded. Our court reasoned that the water tank, which provided essential protection to the mill against fires, was an integral part of the trade or business of the mill as to subject it to liability for the death of Boseman.

This court espoused another test to determine whether an employee of a subcontractor was a statutory employee in *Bridges v. Wyandotte Worsted Company*, 243 S. C. 1, 132 S. E. (2d) 18 (1963). In *Bridges*, the defendant contracted with an electric company, plaintiff's employer, to repair or replace the transmission line owned by the defendant and located on his property. The lines had been replaced on a previous occasion, and customarily maintained by a qualified crew regularly employed by the defendant. We concluded that the repair or replacement of the transmission lines was a part of the work ordinarily and customarily performed by the employees of the defendant in the prosecution of the defendant's business. Finding the repair of the transmission lines was a part of the defendant's trade or business, we held that the defendant was liable for the subcontractor's employees' injuries.

In the instant case, we find that under the tests set forth in *Marchbanks, Boseman*, or *Bridges* that the employees of National Sales, the subcontractor, were the statutory employees of Integrated, the principal. *Marchbanks* requires that an activity be an important part of the trade or busi-

ness to qualify the person who performs the activity as a statutory employee. Here, the employees of National Sales were the only persons, other than those employed by Integrated, to sell Integrated's product. The entire activity of Integrated and National Sales in South Carolina was the sale of Integrated's product. Integrated controlled the activities of National Sales by instructing them to sell certain products to certain customers. National Sales only took orders in South Carolina on behalf of Integrated. Integrated paid National Sales a commission for their sales. The selling of a product is an important part of any manufacturer's trade or business, including Integrated's. Thus, the *Marchbanks* test dictates that this court find that the employees of National Sales were statutory employees of Integrated.

Similarly, this court in *Boseman,* focused on whether the activity is a necessary, essential and integral part of Integrated's business. Clearly, the sale of the product is a necessary and essential part of Integrated's business. Furthermore, the sales by National Sales are an integral part of Integrated's business because of the close business connections between the two corporations. Joseph Thomas Watters, Sr., prior to his death, served as president of both Integrated Products and National Sales. Thereafter, his son, Joseph Thomas Watters, Jr., became the president of National Sales and another son, Bill Watters, became the president of Integrated. The third son, Thad Watters, is employed by Integrated Products. A wife of one of the sons is employed by National Sales. Mr. Joseph Thomas Watters, Jr. considered the two companies to comprise "the Integrated Products, National Sales family." Mr. Watters also testified that the "quality of the product and continued sales of a product go hand in hand." Since National Sales and Integrated have intertwined their operations, and because the selling of a product is essential to the success of Integrated's business, National Sales' employees are also statutory employees of Integrated under the *Boseman* test.

Under the analysis of *Bridges*, this court also concludes that the employees of National Sales are statutory employees of Integrated. The court in *Bridges* looked to see whether the identical activity in question had

been performed by employees of the principal employer. Here, both National Sales and Integrated participated in the sale of Integrated's product. The Vice-President of Sales of Integrated also served as Sales Manager of National Sales. The employees of National Sales regularly used Integrated's airplane and Integrated's pilot, Ost, to travel to South Carolina for business. The National Sales' salesmen regularly travelled with representatives of Integrated. Since Integrated performed the same business activities in South Carolina as National Sales, we find that the respondent also satisfied the *Bridges* test.

Having concluded that the employees of National Sales are statutory employees of Integrated, we now address the question of whether or not statutory employees may be included to satisfy the enumerated four person jurisdictional requirement of Section 42-1-360(2). We first note that interpretation of the exemption statute should be controlled by the underlying purpose of the Act. The Workers' Compensation Act's primary objective is to create and preserve rights of employees who may sustain personal injuries in the course of their employment. *Moss v. Davey Tree Expert Co.*, 245 S. C. 127, 139 S. E. (2d) 532 (1964). This Court in *Marchbanks v. Duke Power Co.*, 190 S. C. 336, 344, 2 S. E. (2d) 825, 828 (1939) emphasized one of the purposes of the Workers' Compensation Act as follows:

> "It was evidently realized by the General Assembly that it would not be fair to relieve the owner of compensation to employees doing work which was part of his trade or business by permitting such owner to sublet or subcontract some part of said work. Doubtless in many instances such contractor would be financially irresponsible, or the number of employees under him would be so small, as in this case, that such contractor would not be required under the Act to carry compensation insurance. It was therefore, provided under the first paragraph that where such work in which the employee was engaged was a part of the owner's trade or business, the owner would be responsible in compensation to all employees doing such work, whether employees of an independent contractor or not."

2 S. E. (2d) at 828. Any reasonable doubts as to construction should be resolved in favor of the claimant by including him within the coverage of the Workers' Compensation Act rather than excluding him. *Davis v. S. C. Dept. of Corrections*, 289 S. C. 123, 345 S. E. (2d) 245 (1986).

In construing Section 42-1-360(2), we find the reasoning of the Virginia Court in *Smith v. Weber*, 3 Va. App. 379, 350 S. E. (2d) 213 (Va. App. 1986) persuasive. In *Smith*, a contractor hired two subcontractors to construct an addition to a home. The contractor employed no employees: one of the subcontractors employed one employee; the other subcontractor employed two employees. The Virginia Workers' Compensation Act exempts employers who have less than three employees. The contractor asserted that he was not liable for the injuries to one of the subcontractor's employees because he was exempted from the Act.

The Virginia Court of Appeals, however, rejected the contractor's argument, and determined that the subcontractors' employees who numbered three could be counted for purposes of determining the contractor's exemption claim. Since the "contractor-under" statute exposed the contractor to liability for injuries to the employees of the subcontractor, the court held that "reason dictates they should also be considered employees for determining applicability of the Act." 350 S. E. (2d) at 214. The court emphasized that construction of the Act was essential to prevent evasion of compensation liability: "If a subcontractor's employees were not considered in determining the contractor's exemption under the Act, the work could simply be subdivided among different contracting entities to evade liability under the Act." 350 S. E. (2d) at 214. *Accord, Withers v. Black*, 230 N. C. 428, 434, 53 S. E. (2d) 668, 673 (1949). (Principal contractor held liable for injuries to employee of subcontractor even though the principal contractor employed less employees than the statutorily enumerated number); 1C A. Larson, *Worker's Compensation Law*, § 52.32 (1986).

We agree with the reasoning of the Virginia Appeals Court in *Smith v. Weber*, and conclude that the statutory employees of National Sales can be included to satisfy the jurisdictional requirement of Section 42-1-360(2). Having found that statutory employees may be counted and conclud-

ing, therefore, that Integrated has not less than four employees in South Carolina, we hold that South Carolina has jurisdiction in this matter, and affirm the award of death benefits to the Osts.

Affirmed.

GREGORY, C. J., and HARWELL, CHANDLER and FINNEY, JJ., concur.