1319

Michael C. DEANHARDT, Appellant v. NEAL C. DEANHARDT MASONRY CONTRACTORS and General Accident Insurance Co., Respondents.

(379 S. E. (2d) 726)

Court of Appeals

*H. Jeff McLeod,* Anderson, *for appellant.*

*David Yokel* and *Dana C. Mitchell, III, Mitchell, Bouton & Yokel,* Greenville, *for respondents.*

Heard Feb. 22, 1989.

Decided April 10, 1989.

SHAW, Judge:

This is a workers' compensation case brought by appellant-claimant, Michael C. Deanhardt. The respondents are Neal C. Deanhardt Masonry Contractors, employer, and its carrier, General Accident Insurance Company. The single commissioner found the commission had no jurisdiction because the employer did not regularly maintain four or more employees within the state. The full commission and the circuit court affirmed and claimant appealed. We affirm.

In January 1985, Neal Deanhardt, a masonry subcontractor, telephoned, from Alabama, his brother, the claimant, in South Carolina offering to hire claimant and five of claimant's crew members from South Carolina. The offer was contingent on the acceptance of the employer's bid on a job in Alabama. The claimant and the others accepted the provisional offer. The employer later telephoned claimant and conveyed that he had gotten the Alabama job and the claimant and crew went to Alabama to perform the work. After completing the Alabama project, claimant and his crew accepted another job from the employer, this one taking place in Georgia. On July 15, 1985, claimant injured his back while working at the Georgia site.

Claimant filed a claim with the South Carolina Workers' Compensation Commission. Employer denied liability under South Carolina law asserting claimant was hired in Alabama, injured in Georgia and drawing workers' compensation benefits from Georgia.

The employer does not maintain nor has it ever maintained an office in South Carolina. Further, the employer is

not licensed to do business in the state and has never performed any construction in South Carolina over its thirty year history.

The circuit court affirmed the commission's finding that the employer did not regularly employ four or more employees in South Carolina so as to come within the Workers' Compensation Act. The court further found there was no evidence the employer, as an exempted person, filed any written notice electing to be subject to the Act. From these rulings, the claimant appeals.

Claimant first contends the circuit court erred in upholding the commission's finding of lack of jurisdiction under the Workers' Compensation Act.

§ 42-1-360, South Carolina Code of Laws, 1976, provides in part: "This Title shall not apply to ... (2) [a]ny person who has regularly employed in service less than four employees in the same business *within the State....*" (emphasis added)

Claimant argues the commission has jurisdiction pursuant to § 42-15-10, South Carolina Code of Laws, 1976, which provides in part: "Any employee covered by the provisions of this Title is authorized to file his claim under the laws of the state where he is hired, the state where he is injured, or the state where his employment is located." As this court noted in the case of *Nolan v. National Sales Co., Inc.*, 292 S. C. 1, 354 S. E. (2d) 575 (Ct. App. 1987), *aff'd* 294 S. C. 371, 364 S. E. (2d) 752 (1988), § 42-15-10 conditions the right of an employee to file a claim under the Act on the employer being covered in the first instance by the Act. Unless the employee is covered by the provisions of the Act, he is not authorized to file a claim at all. § 42-15-10 does not override the provisions of § 42-1-360(2).

The question thus becomes whether the employer has regularly employed in service less than four employees in the same business within the state. Assuming for the sake of argument the claimant and his five crew members were hired in South Carolina, that alone does not show the employer failed to meet the exemption provided for by § 42-1-360(2). The employer maintains no offices in South Carolina, is not licensed to do business in South

Carolina and has never performed construction work in South Carolina.

We hold under the facts of this case the claimant and his crew were not regularly employed in the same business within the state of South Carolina and the employer was exempt from the South Carolina Workers' Compensation Act. *See Nolan v. National Sales Co., Inc.*, 294 S. C. 371, 364 S. E. (2d) 752 (1988) (noting a predecessor statute of § 42-1-360(2) required a minimum number of employees *in this state*).

Claimant next contends the circuit court erred in failing to find the employer elected to be subject to the South Carolina Workers' Compensation Act. We disagree.

§ 42-1-380, South Carolina Code of Laws, 1976, provides in part:

Any person employing employees in the State and exempted from the mandatory provisions of this Title may come in under the terms of this Title and receive the benefits and be subject to the liabilities of this Title by filing with the Commission a written notice of his desire to be subject to the terms and provisions of this Title.

The only evidence in the record pointed to by the claimant is a letter issued by the South Carolina Industrial Commission acknowledging the employer obtained an insurance policy with an "all states endorsement," which did not specifically endorse South Carolina.

Mere procurement of workers' compensation insurance carrying a multi-state endorsement by an employer does not serve to estop him from denying coverage in South Carolina. Substantial compliance with § 42-1-380 is required before the employer will be estopped from denying coverage under that section. *Nolan v. National Sales Co., Inc.* 354 S. E. (2d) at 577. There is no evidence the employer filed a written notice with the commission of his desire to be subjected to the provisions of the Workers' Compensation Act. The circuit court is therefore affirmed.

Affirmed.

BELL and GOOLSBY, JJ., concur.