1578

Virginia Gaynell MAULDIN, Claimant, Respondent v. DYNA-COLOR/ JACK RABBIT and Northwestern National Insurance Company, Appellants.

(400 S.E. (2d) 494)

Court of Appeals

*James J. Reid,* Greenville, *for appellants.*

*Larry C. Brandt, Brandt & Fedder,* Walhalla, *for respondent.*

Heard Nov. 13, 1990.

Decided Dec. 10, 1990.

BELL, Judge:

This is a workers' compensation case. Virginia Gaynell Mauldin filed a claim with the South Carolina Workers' Compensation Commission for a job-related injury to her knee. Her employer, Dyna Color/Jack Rabbit, contested the claim on the ground that it was barred by the two-year statute of limitations, Section 42-15-40, Code of Laws of South Carolina, 1976. The single commissioner and a panel of the full commission found the claim was timely. Jack Rabbit sought judicial

review in the circuit court, which affirmed the Commission's order. Jack Rabbit appeals. We reverse.

On January 2, 1985, Mauldin tripped on an uneven edge of the doorway of the film collection booth where she worked, injuring her knee. She immediately reported the accident to her supervisor, who instructed her to seek medical attention. She went to the Oconee Memorial Hospital where she was treated in the emergency room by Dr. Stan Rampey. Dr. Rampey diagnosed her injury as "medial collateral strain" with some bruising. He directed her to use crutches for at least four days and to follow up with her regular physician, Dr. Pate. She continued to work without any lost time or wages. Jack Rabbit paid her medical bills.

The knee got better within a short time and Mauldin resumed her normal activities. During the next two years the knee would periodically get sore, swell, and hurt, but then get better. She reported her knee problem to Dr. Pate on several occasions, but the doctor gave her no treatment for the problem. She also told her supervisor at work that the knee was still giving her problems. In October 1987, the knee swelled and would not go down. The pain became so severe that Mauldin could not tolerate it. On November 1, 1987, Mauldin consulted Dr. Bruce, an orthopedic surgeon, who diagnosed her condition as a "torn medial miniscus." On December 3, 1987, Bruce performed surgery on the knee. Mauldin returned to work on December 10, 1987. She filed this claim for compensation with the Commission on December 30, 1987, over two years and eleven months after the accident.

Jack Rabbit admits that Mauldin injured her knee by accident arising out of and in the course of her employment. It also admits she timely notified her employer of the accident.

Mauldin stipulates that neither the employer nor the insurance carrier by word or by deed led her to delay the filing of her claim. She also agrees the facts of her case do not support a theory that Jack Rabbit either waived or is estopped to assert the statute of limitations.

The sole issue before us is whether the two year limitation period of Section 42-15-40 runs from the date of the accident or the date the employee discovers the injury. This is a question of first impression in the courts of South Carolina.

Section 42-15-40 provides:

> The right to compensation under this title shall be forever barred unless a claim is filed with the Commission within two years after an accident, or if death resulted from accident, within two years of the date of death; *provided,* however, that in the case of occupational disease claims such two-year period shall not begin to run until the employee concerned has been definitively diagnosed as having an occupational disease and has been notified of such diagnosis. * * * *

In interpreting the statute, we follow the guidance of the Supreme Court. The Court stated in *Ashe v. Rock Hill Hardware Co.,* 219 S.C. 159, 64 S.E. (2d) 396 (1951), that although this section should be given liberal construction the courts are not justified in construing it so as to do violence to its specific requirements. *See also Fox v. Union-Buffalo Mills,* 226 S.C. 561, 86 S.E. (2d) 253 (1955) (rule that statute should be construed liberally to accomplish the end for which it was intended neither requires nor permits the Court, under the pretext of construction, to amend a statute by distorting its plain and simple language into a meaning not justified by either common usage or judicial precedent). The statute applies with full force to the most meritorious claims. Likewise, the Court held in *Kirby v. Holliday Laundry & Dry Cleaners,* 230 S.C. 412, 96 S.E. (2d) 61 (1957), that the language of this section is plain. Thus, the courts are not at liberty by judicial construction to add to or amend its provisions so as to excuse a claimant from complying with its mandatory requirements.

The compensation afforded by the Workers' Compensation Law is purely statutory, and the right of any claimant thereto is dependent on the terms and conditions of the statute. *Cook v. Mack's Transfer and Storage,* 291 S.C. 84, 352 S.E. (2d) 296 (Ct. App. 1986), *cert. denied,* 292 S.C. 230, 355 S.E. (2d) 861 (1987). Section 42-15-40 states that the right to compensation "shall be forever barred unless a claim is filed with the Commission within two years after an accident." The language is plain and decisive. Mauldin did not file her claim within two years after her accident. Thus, her claim, whatever its merit, is forever barred.

Of course, the General Assembly could have enacted a general rule permitting the claimant to file within two years after he first discovered the injury. However, the face of the statute shows the Legislature deliberately chose to run the two years from the date of the accident, not the date the claimant "discovered" the injury. This appears from the two additional provisos in the very same section. The first provides that the two years will run from the date of death, if the injury results in death. The second provides that the two years will run from the date the claimant receives notice of a definitive diagnosis of occupational disease, if he is suffering from an occupational disease. These two exceptions prove the general rule—the Legislature intended other claims to be filed within two years after the date of the accident. *See Pennsylvania National Mutual Casualty Insurance Co. v. Parker*, 282 S.C. 546, 555, 320 S.E. (2d) 458, 463 (Ct. App. 1984) (exceptions made in a statute give rise to strong inference that no other exceptions were intended).

Mauldin's reliance on our decision in *Hopkins v. Floyd's Wholesale*, 295 S.C. 154, 367 S.E. (2d) 447 (Ct. App. 1988), *aff'd*, 299 S.C. 127, 382 S.E. (2d) 907 (1989), is misplaced. We decided *Hopkins* on a principle of waiver or estoppel because the employer assured the employee the company would pay his medical bills and compensate him for his injury. After a time, the employer ceased compensation payments. On those facts, we held that if the employer voluntarily makes compensation payments, the period for filing a claim with the Commission usually dates from the last payment. [Quoting 3 A. LARSON, THE LAW OF WORKMEN'S COMPENSATION § 78.43, at 15-234 n. 79 (1983), citing *Poole v. E.I. DuPont De Nemours & Co.*, 227 S.C. 232, 87 S.E. (2d) 640 (1955) (the payment of wages and furnishing of medical care operates as a waiver of the limitation period or estoppel to assert it)]. Mauldin expressly concedes that her case does not involve waiver or estoppel.[1]

In conclusion, we observe that if a "discovery" rule were applied, the result would be the same in Mauldin's case. On Jan-

---

[1] Our additional *"see"* citation to *Dillon County School District No. Two v. Lewis Sheet Metal Works, Inc.*, 286 S.C. 207, 332 S.E. (2d) 555 (Ct. App. 1985), is obviously non-controlling dictum, since that case involved a construction contract, not a workers' compensation claim, and raised no issue under Section 42-15-40. *Hopkins* itself did not apply a "discovery" rule.

uary 2, 1985, she unquestionably knew she had suffered an accidental work related injury to her knee. In other words, the date of the accident and the date of discovery were the same in this case.

For the reasons stated, we reverse the judgment of the circuit court.

Reversed.

SHAW and CURETON, JJ., concur.