931 F.2d 54
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Robert E. BEASLEY, Minnie A. Beasley, Plaintiffs-Appellants,
v.
SOHIO OIL COMPANY, GULF PRODUCTS DIVISION, Defendant-Appellee.
 No. 89-1781.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 29, 1991.
Decided April 26, 1991.
 
 Appeal from the United States District Court for the District of South Carolina, at Charleston. C. Weston Houck, District Judge. (CA-88-1522-2-2)
 Oliver G. Query, D. Keith Knight, Jr., Uricchio & Query, P.A., Charleston, S.C., for appellants.
 David C. Norton, Danny H. Mullis, Trent M. Kernodle, Holmes & Thomson, Charleston, S.C. for appellee.
 D.S.C.
 AFFIRMED.
 Before WIDENER and CHAPMAN, Circuit Judges, and MACKENZIE, Senior United States District Judge for the Eastern District of Virginia, Sitting by Designation.
 PER CURIAM:
 
 
 1
 Plaintiff-appellant Robert E. Beasley ("Beasley") instituted this diversity action seeking recovery for personal injury against defendant-appellee Sohio Oil Company ("Sohio") in the United States District Court for the District of South Carolina.[1] Sohio filed a motion for summary judgment asserting that Beasley was a "statutory employee" of Sohio and was therefore limited to the remedies afforded him under state workers' compensation laws. The district court granted Sohio's motion, and Beasley appeals. We affirm.
 
 I.
 
 2
 Sohio is in the business of oil importation and distribution. It off-loads bulk oil from ships at its marine docking facility in Charleston, South Carolina. The oil is then sent through its packaging plant for refinement into a commercial product. The refinement process requires extensive use of pipelines in order to transport the oil from one location to another. On December 11, 1985, Beasley was working for Beasley Mechanical Contractors, Inc. ("Beasley Mechanical") at Sohio's Charleston facility.[2] Beasley Mechanical was under contract with Sohio to perform modifications to and rerouting of pipe at the facility. The job required Beasley to cut out sections of existing pipelines with an acetylene torch. As one of Beasley's co-workers began to cut into a pipeline, pressurized oil spewed onto Beasley and ignited causing extensive injuries to Beasley's legs, hands, and face. Beasley filed for and received workers' compensation benefits in the sum of $28,000 under the workers' compensation policy covering Beasley Mechanical.
 
 
 3
 Beasley commenced this diversity action against Sohio seeking damages for personal injury on June 9, 1988 in the U.S. District Court for the District of South Carolina. On August 25, 1988, Sohio filed a motion for summary judgment asserting that Beasley was a "statutory employee" of Sohio and was therefore limited to the remedies afforded him under workers' compensation laws. After a hearing on the motion, the district court denied Sohio's motion to dismiss but granted the parties leave to conduct discovery specifically limited to the jurisdictional issue of whether Beasley constituted a "statutory employee" under the South Carolina Workers' Compensation Act, S.C.Code Ann. Sec. 42-1-10 et seq. (Law.Co-op.1976) (the "Act"). Upon completion of this limited discovery, the district court reconvened the hearing on Sohio's motion for summary judgment. The district court then granted Sohio's motion for summary judgment concluding that Beasley was in fact a "statutory employee" of Sohio.
 
 
 4
 This appeal presents two issues: (1) whether Beasley was, at the time of his injury, a "statutory employee" of Sohio within the meaning of the Act and therefore limited to the remedies afforded him under the Act; and (2) whether the district court erred in refusing to apply the "dual capacity" doctrine in this case.
 
 II.
 
 5
 Section 42-1-540 of the South Carolina Code provides that relief under the Workers' Compensation Act precludes all other injury-related remedies to which an employee covered by the Act might otherwise be entitled. S.C.Code Ann. Sec. 42-1-540 (Law.Coop.1976). Thus, when an employee accepts the benefits of the Act, any other possible causes of action against his employer for workrelated injuries are extinguished. Section 42-1-400 of the South Carolina Code provides:
 
 
 6
 When any person ... undertakes to perform or execute any work which is part of his trade, business or occupation and contracts with any other person ... for the execution or performance by or under such subcontractor of the whole or part of the work undertaken by such owner, the owner shall be liable to pay any workman employed in the work any compensation under this Title which he would have been liable to pay if the workman had been immediately employed by him.
 
 
 7
 S.C.Code Ann. Sec. 42-1-400 (Law.Co-op.1976). Beasley contends that questions of material fact existed as to whether the modification and addition of pipeline at the Sohio facility was part of the trade, business or occupation of Sohio and that the district court therefore erred in granting Sohio's motion for summary judgment.[3] We disagree.
 
 
 8
 As the district court noted, the Supreme Court of South Carolina has recognized that, due to the many different factual situations which arise, no easily articulated formula can be set out for the determination of whether work in a given case is part of the general trade, business or occupation of the principal employer. Each case must therefore be determined on its own facts. Ost v. Integrated Products, Inc., 296 S.C. 241, 371 S.E.2d 796 (1988). South Carolina courts have suggested several standards to determine whether a particular activity is part of the trade, business or occupation of the principal employer. See, e.g., Bridges v. Wyandotte Worsted Co., 243 S.C. 1, 132 S.E.2d 18 (1963) (focusing on whether the work was ordinarily and customarily performed by the principal employer); Boseman v. Pacific Mills, 193 S.C. 479, 8 S.E.2d 878 (1940) (focusing on whether the work was necessary, or essential to, or an integral part of, the operation of the principal employer's business); Marchbanks v. Duke Power Co., 190 S.C. 336, 2 S.E.2d 825 (1939) (focusing on whether the work was an important part of the power company's trade or business).
 
 
 9
 After reviewing the facts of this case and the applicable law and hearing oral arguments, we find that the district court was correct in ruling that Beasley's work was part of the trade, business or occupation of Sohio. It is clear that a well maintained pipeline system is an important part of Sohio's business and that maintenance of existing pipelines or installation of new pipelines is essential to the trade, business or occupation of Sohio. Given these facts, Beasley, at the time of his injury, was a "statutory employee" of Sohio and is therefore limited to recovery under the South Carolina Workers' Compensation Act.
 
 II.
 
 10
 We now turn to Beasley's claim that the district court erred in refusing to apply the "dual capacity" doctrine in this case. The "dual capacity" doctrine, in jurisdictions which recognize it, applies to situations in which an employer, normally shielded from tort liability by the exclusive remedy principle of the workmen's compensation laws, bears additional duties to the employee which are separate and distinct from the duties arising out of the employer-employee relationship. Parker v. Williams & Madjanik, Inc., 275 S.C. 65, 267 S.E.2d 524 (1980). Beasley urges this court to apply the doctrine in this case. However, as the district court correctly noted, no South Carolina court has ever applied the doctrine and only two courts have even mentioned it. See Parker v. Williams & Madjanik, Inc., 275 S.C. 65, 267 S.E.2d 524 (1980); Strickland v. Textron, Inc., 433 F.Supp. 326 (D.S.C.1977). We find no error in the district court's refusal to apply this doctrine.
 
 III.
 
 11
 For the foregoing reasons, we affirm the district court's grant of Sohio's motion for summary judgment.
 
 
 12
 AFFIRMED.
 
 
 
 [1]
 Minnie A. Beasley, Beasley's wife, is also a plaintiff in this suit and sought damages from Sohio for loss of consortium as a result of Beasley's injuries. Mrs. Beasley's claim is derivative, and her pleadings track those of her husband. Therefore, the disposition of his claim applies to hers as well
 
 
 [2]
 At the time of Beasley's injury, the facility was owned by Gulf Products Division of BP Oil, Inc. After the accident but prior to commencement of the present suit, Gulf Products Division of BP Oil merged with Sohio, and Sohio became the successor in interest of BP Oil
 
 
 [3]
 Beasley contends that the contract between Beasley Mechanical and Sohio demonstrates that the parties intended for Beasley Mechanical to be an independent contractor and that Beasley therefore could not be Sohio's "statutory employee." We find this argument to be without merit. While the contract between the parties does govern the relationship between the parties, it is only controlling to the extent that it does not conflict with state law. The language of section 42-1-400 is clear, and the contract between Beasley Mechanical and Sohio cannot be interpreted to defeat the statutory scheme created by the South Carolina General Assembly with regard to "statutory employees."