23637

Virginia Gaynell MAULDIN, Petitioner v. DYNA-COLOR/JACK RABBIT and Northwestern National Insurance Company, Respondents.

(416 S.E. (2d) 639)

Supreme Court

*Larry C. Brandt* of *Brandt, Fedder, Graham & Cain,* Walhalla, *for petitioner.*

*James J. Reid,* Greenville, *for respondents.*

Heard Oct. 22, 1991; Decided Apr. 13, 1992.

Reh. Den. May 6, 1992.

FINNEY, Justice:

This Court granted certiorari to review the Court of Appeals' decision in this Workers' Compensation case. *Mauldin v. Dyna-Color,* 303 S.C. 326, 400 S.E. (2d) 494 (Ct. App. 1990). The South Carolina Workers' Compensation Commission (Commission) found that Petitioner Virginia Gaynell Mauldin was entitled to all medical care and compensation as provided by the South Carolina Workers' Compensation Act (Act) for an injury sustained on January 2, 1985, but for which a claim was filed after the two-year statutory period for filing had expired.

The circuit court affirmed the Commission's finding, based upon its conclusion that the case was appropriate for application of the discovery rule. The Court of Appeals reversed the judgment of the circuit court, finding that petitioner's claim was barred by S.C. Code Ann. § 42-15-40 (1976). After review of the record and consideration of the applicable law, we reverse the decision of the Court of Appeals and remand to the

Commission for determination of the amount of benefits to which the petitioner is entitled.

While at work on January 2, 1985, petitioner injured her left knee. She immediately reported the accident to her supervisor and, after finishing the work day, received treatment in the Oconee Memorial Hospital Emergency Room. The emergency room physician diagnosed the injury as a "medial collateral sprain," advised the petitioner to use crutches for at least four days, and see her family physician periodically. She lost no time from work as a result of her injury. Respondents Dyna-Color/Jack Rabbit, petitioner's employer, and Northwestern National Insurance Company, its insurance carrier, paid petitioner's medical expenses. The case was processed as "medical only," minor injury, and closed.

During the two-year period following the injury, petitioner experienced intermittent swelling and pain in the knee. Her family physician diagnosed the condition as arthritis. Dyna-Color was kept aware of petitioner's continuing problems with her knee. In October of 1987, petitioner had an episode of swelling and soreness which did not dissipate. As a result petitioner was seen by an orthopedic surgeon, and she discovered on November 1, 1987, that she had suffered a "torn medial meniscus." The knee did not respond to conservative treatment, and surgery was required.

As a result of the January 2, 1985, injury petitioner filed a claim on December 30, 1987, for compensation under the Act.

The issue on appeal is whether the two-year limitation period provided in Section 42-15-40 runs from the date of the accident or the date petitioner discovered the compensable injury. The Court of Appeals held that the date of petitioner's accident and the date of discovery were the same. Section 42-15-40 states in pertinent part:

> The right to compensation under this title shall be forever barred unless a claim is filed with the Commission within two years after an accident. . . .

Under the discovery rule, the statute would begin to run from the date petitioner either knew or should have known of her compensable injury.

In *Santee Portland Cement v. Daniel Int'l Corp.*, 299 S.C. 269, 271, 384 S.E. (2d) 693, 694 (1989), this Court addressed

the discovery rule, as it relates to statutes of limitations, in the following manner:

> One policy behind the statute of limitations is the protection of a defendant from false or fraudulent claims that might be difficult to disprove if not brought until after relevant evidence has been lost or destroyed and witnesses have become unavailable . . . It affords defendants an opportunity to gather evidence while facts are still fresh . . . This concern must be balanced against a plaintiff's interest in prosecuting an action and pursuing his rights. Plaintiffs should not suffer where circumstances prevent them from knowing they have been harmed . . . "[S]tatutes of limitation which are susceptible to judicial construction should not be applied mechanically but rather construed in the manner most consistent with both their underlying purposes and the requirements of substantial justice for all parties involved." [Quoting *Gattis v. Chavez*, 413 F. Supp. 33, 39 (D.S.C. 1976).]

Citing *Krell v. South Carolina Hwy. Dep't*, 237 S.C. 584, 589, 118 S.E. (2nd) 322, 325 (1961), this Court held in *Brayboy v. Clark Heating Co.*, — S.C. —, 409 S.E. (2d) 767 (1991), that a claim of change of condition within the meaning of Section 42-17-90 may be based upon previously undiagnosed conditions arising from the original injury but not discovered until after a disability settlement.

The facts of the present case are undisputed, nor is jurisdiction in controversy. Petitioner's initial claim was heard by a single commissioner who found, *inter alia*, that the orthopedic surgeon's diagnosis of a torn medial meniscus on November 1, 1987, was the first time petitioner "discovered or reasonably should have discovered" that her knee problem resulted from the January 2, 1985, accident; that petitioner had only a high school education and reasonably relied upon the diagnoses of the initial injury as medial collateral sprain and her continuing problems as arthritis by the emergency room physician and her family physician, respectively; that the two-year statute of limitations under Section 42-15-40 commenced on November 1, 1987, when the petitioner discovered that her knee problem resulted from the January 2, 1985, accident; that petitioner's claim filed on December 30, 1987, for additional com-

pensation under the Act was timely; and that she was entitled to medical care and compensation under the Act.

Upon review, the full Commission found no error and affirmed the findings and order of the single Commissioner. Relying upon *Santee Portland Cement v. Daniel Int'l Corp.*, *supra*, and Larson, *Workmen's Compensation Law*, "Notice And Claim Periods," 2B, § 78.41 *et seq.*, the circuit court held that the discovery rule was applicable to Worker's Compensation cases in this state and affirmed the order of the full Commission.

Any reasonable doubts as to construction of the Act should be resolved in favor of coverage. *Ost v. Integrated Products, Inc.*, 296 S.C. 241, 371 S.E. (2d) 796 (1988); *Davis v. South Carolina Dep't of Corrections*, 289 S.C. 123, 345 S.E. (2d) 245 (1986).

Based upon the facts presented, we conclude that petitioner discovered her compensable injury on November 1, 1987. Under prevailing South Carolina law, this Court finds that the discovery rule is applicable and holds that petitioner's claim filed December 30, 1987, falls within the two-year statute of limitations.

Accordingly, the judgment of the Court of Appeals is reversed. This case is remanded to the Commission for a determination of the amount of benefits to which petitioner is entitled.

Reversed and remanded.

HARWELL, CHANDLER and TOAL, JJ., concur.

GREGORY, C.J., dissenting in separate opinion.

GREGORY, Chief Justice:

I respectfully dissent. In my view, the decision of the Court of Appeals in this Workers' Compensation case was correctly decided. I would affirm and adopt Judge Bell's decision as the opinion of this Court.