THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Carolyn Holmes, Employee,  Appellant,
 v.
 National Services
 Industries, Employer, and New Hampshire Insurance Company c/o Gallagher
 Bassett Services, Inc., Carrier, Respondents
 
 
 

Appeal From Charleston County
Deadra L. Jefferson, Circuit Court Judge

Unpublished Opinion No.  2009-UP-364
Submitted June 1, 2009  Filed June 25, 2009

AFFIRMED

 
 
 
 Malcolm
 M. Crosland, Jr., of Charleston, for Appellant.
 Weston
 Adams, III, of Columbia, for Respondents.
 
 
 

PER
 CURIAM:  Carolyn Holmes appeals the
 circuit court's affirmance of the Appellate Panel of the South Carolina
 Workers' Compensation Commission's denial of her claim for workers'
 compensation benefits.  We affirm pursuant to Rule
 220(b), SCACR, and the following authorities:  
1.  Regarding her statute of
 limitations argument:  S.C. Code § 42-15-40 (Supp.
 2008) (providing a two-year statute of limitations for filing workers'
 compensation claims); Mauldin v. Dyna-Color/Jack Rabbit, 308 S.C.
 18, 20, 416 S.E.2d 639, 640 (1992) ("Under the discovery rule, the statute
 would begin to run from the date [the claimant] either knew or should have
 known of her compensable injury."); Snell v. Columbia Gun Exchange,
 Inc., 276 S.C. 301, 303, 278 S.E.2d 333, 334 (1981) (holding reasonable diligence
 requires an injured party to act with promptness where circumstances of an
 injury would put a person of common knowledge and experience on notice that
 some claim may exist).
2.  Regarding compensability:  Futch v. McAllister Towing of Georgetown, Inc.,
 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding when one issue is
 dispositive, the remaining issues need not be addressed).
AFFIRMED. [1]
HEARN, C.J., and THOMAS and KONDUROS, JJ., concur.

[1] We decide this case without oral argument pursuant to
Rule 215, SCACR.