298 N.W.2d 157 (1980)
207 Neb. 252
Donna CROSBY, Appellee,
v.
AMERICAN STORES and Kemper Insurance Company, Appellants.
No. 43177.
Supreme Court of Nebraska.
October 31, 1980.
*158 Cline, Williams, Wright, Johnson & Oldfather, Lincoln, for appellants.
Hal Bauer of Bauer, Galter, Geier, Flowers & Thompson, Lincoln, for appellee.
Heard before KRIVOSHA, C. J., and BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.
BOSLAUGH, Justice.
This is an appeal in a proceeding under the workmen's compensation act. The plaintiff, Donna Crosby, had been employed by the defendant American Stores at its meatpacking plant in Lincoln, Nebraska, since 1963. Prior to October 1, 1978, she had been employed as an inserter. An inserter removes lunch meat from the line and puts it into slots where it proceeds to an automatic wrapper.
On October 1, 1978, the plaintiff's job was changed to stack and record. This job required the plaintiff to assemble boxes part of the time. At other times the plaintiff would remove boxes filled with meat from the line; close the boxes; and flip them over and then stack them on wooden pallets. This job required the plaintiff to handle the pallets by removing them from stacks and pulling or pushing them into position for loading.
On the stack and record job, the plaintiff used the palms of her hands in dislodging the pallets from the stack, in forming the boxes, and in closing the boxes. The plaintiff testified that she processed approximately 2,000 boxes per day and, on a typical day, used 15 pallets before the "first break."
After the first day on the stack and record job, the plaintiff's hands were sore and had started to swell. The condition grew worse on succeeding days and after 5 to 10 days the plaintiff went to see the company nurse. The nurse wrapped the plaintiff's right hand with an ace bandage. At night, the plaintiff soaked her hands to relieve the soreness. By December, the pain had become quite severe and she was experiencing numbness. In January, she consulted the company doctor who referred her to a neurologist. Her condition was diagnosed as carpal tunnel syndrome. The neurologist referred her to a surgeon who then operated to relieve the condition. The evidence establishes that the plaintiff's injury was caused by the use of her hands and wrists on the job, especially the striking of the pallets and boxes with the palms of her hands, and arose out of and in the course of her employment by the defendant. The issue is whether the carpal tunnel syndrome was compensable as an accidental injury or as an occupational disease.
At the hearing before a single judge of the compensation court, the plaintiff recovered an award for temporary total disability and medical and hospital expense. The compensation court considered the cumulative trauma doctrine and found that the plaintiff was entitled to recover on the theory of occupational disease.
*159 Upon rehearing, the compensation court, with one judge dissenting, affirmed the award. The court found that the plaintiff had suffered an "accident and injury, as a result of" repeated trauma to her hands.
The defendant has appealed and contends that the compensation court, on rehearing, erred in finding that the plaintiff suffered carpal tunnel syndrome as the result of an accident arising out of her employment by the defendant. The defendant argues that the evidence in this case will not sustain a finding that the injury was caused by either an accident or occupational disease.
The act defines "accident" as an unexpected or unforeseen injury happening suddenly and violently, with or without human fault, and producing at the time objective symptoms of an injury. Neb.Rev.Stat. § 48-151(2) (Reissue 1978). In Brokaw v. Robinson, 183 Neb. 760, 164 N.W.2d 461 (1969), we held that the accident requirement of the act was satisfied if the cause of the injury was of accidental character or the effect was unexpected or unforeseen, and happened suddenly and violently. We also said that it was no longer necessary that the injury be caused by a single traumatic event, but the exertion in the employment must contribute in some material and substantial degree to cause the injury.
The act defines occupational disease as a disease which is due only "to causes and conditions which are characteristic of and peculiar to a particular trade, occupation, process or employment and shall exclude all ordinary diseases of life to which the general public are exposed." Neb.Rev.Stat. § 48-151(3) (Reissue 1978).
Part of the difficulty in this case is that the plaintiff's injury has some of the characteristics of both an accidental injury and an occupational disease.
The plaintiff's use of her hands to strike the pallets and boxes caused an injury which produced objective symptoms at the time. Each striking was a sudden and violent event. Although no one blow produced an injury severe enough to be compensable by itself, the cumulative effect of the repeated trauma resulted in an injury which produced disability. Most jurisdictions regard the time of accident as sufficiently definite if either the cause is reasonably limited in time or the result materializes at an identifiable point. 1B Larson, Workmen's Compensation Law § 39.00 (1980). The facts in this case satisfied both tests. The plaintiff's difficulty with her hands commenced immediately after she was transferred to stack and record. In that respect, this case may be distinguished from cases involving chronic conditions which develop over a period of many years where the injury cannot be traced to a particular job or activity of the workman.
The plaintiff's injury involved in this case resembles an occupational disease in that it developed over a period of time in a manner in which many diseases develop. There is some evidence that the temperature conditions which prevail in a packing plant contribute to the development of the injury which is found among employees in packing plants. There is other evidence that the injury has many possible causes and may be considered to be an ordinary disease of life.
We think the analysis made by the compensation court, on rehearing, was correct on the facts in this case. The judgment is, therefore, affirmed. The plaintiff is allowed $750 for the services of her attorney in this court.
AFFIRMED.
KRIVOSHA, C. J., concurs in result.
CLINTON, J., not participating.