574 S.E.2d 194

**Ralph SCHURLKNIGHT, Petitioner,**

v.

**CITY OF NORTH CHARLESTON and State Accident Fund, Respondents.**

No. 25561.

Supreme Court of South Carolina.

Heard Oct. 10, 2002.
Decided Nov. 25, 2002.
Rehearing Denied Jan. 8, 2003.

Thomas M. White and J. Kevin Holmes, of The Steinberg Law Firm, L.L.P., of Goose Creek, for petitioner.

Andrew F. Haseldon, of Howser, Newman & Besley, L.L.C.; and Robert G. McCulloch, Jr., of State Accident Fund, both of Columbia, for respondents.

Justice MOORE:

This is a workers' compensation case involving a repetitive trauma injury.[1] Petitioner Schurlknight (Claimant) sought benefits for noise-induced hearing loss. The single commissioner, the full commission, and the Court of Appeals [2] found his claim was barred by the two-year statute of limitations found in S.C.Code Ann. § 42-15-40 (Supp.2001).[3] We reverse and remand.

## FACTS

The facts relevant to this issue are undisputed. Claimant worked as a fireman for more than twenty-four years. For most of this time he held the position of captain, requiring him to ride in the passenger seat of the fire truck only a few feet from the siren and air horn which sounded continuously on each call. In addition, the volume on the fire truck radio was turned up in order to be audible over the noise of the siren and horn.

On April 14, 1995, Claimant was given a hearing test by the fire department physician as part of a routine annual physical. The doctor found some noise-induced hearing loss but concluded Claimant was capable of performing his job. Claimant was referred to the Charleston Speech and Hearing Center where he was examined on May 3. He was diagnosed with a moderate bilateral loss of hearing and recommended for a binaural hearing aid evaluation.

On May 10, Claimant was evaluated by his private physician, Dr. Fenwick, who diagnosed Claimant with bilateral hearing loss from noise exposure. Dr. Fenwick recommended a yearly audiogram and predicted Claimant would ultimately need hearing aids, although probably not for another ten years.

---

1. In *Pee v. AVM, Inc.,* 352 S.C. 167, 573 S.E.2d 785 (2002), we found a repetitive trauma injury is compensable as an injury by accident.

2. *Schurlknight v. City of North Charleston,* 345 S.C. 45, 545 S.E.2d 833 (Ct.App.2001).

3. This section provides that the right to workers' compensation benefits is barred "unless a claim is filed with the commission within two years after an accident."

The following year, on February 29, 1996, Claimant had his yearly audiogram which detected hearing loss in both ears. The report noted "extended exposure to loud noises may make this loss worse."

Claimant left the fire department for unrelated medical reasons in August 1997. On December 1, 1997, Claimant again had his hearing checked by his private physician, Dr. Fenwick, who noted Claimant's hearing had decreased since the May 1995 examination. Claimant was diagnosed with a hearing impairment of 22.5% to his right ear and 37.5% to his left, resulting in a hearing impairment for both ears of 12.5%.

On May 6, 1998, Claimant filed this workers' compensation claim for noise-induced bilateral hearing loss. The commissioner found Claimant knew he had a workers' compensation claim for hearing loss at least by May 1995 and concluded the May 1998 filing was outside the two-year limitation. The full commission affirmed.

On appeal, the Court of Appeals affirmed with a separate concurring opinion by Judge Howard.

## ISSUE

When does the two-year statute of limitations begin to run in a repetitive trauma case?

## DISCUSSION

The Court of Appeals found Claimant failed to timely file a claim within two years. In so holding, it applied the discovery rule of *Mauldin v. Dyna–Color/Jack Rabbit*, 308 S.C. 18, 416 S.E.2d 639 (1992), and concluded Claimant knew or should have known of his compensable injury at the latest by February 1996 when he had his last work-related audiogram. Judge Howard reluctantly concurred, noting the harsh result but feeling constrained by this Court's precedent in *Mauldin*.

*Mauldin* involved a claimant who was originally misdiagnosed with a sprain. It was not until more than two years after the accident that she was finally diagnosed with a torn medial meniscus, a compensable injury. We applied the discovery rule and held the two-year time period began to run

when the claimant knew or should have known she had a compensable injury.

Repetitive trauma injuries, unlike the injury in *Mauldin* which occurred on a specific date but simply was misdiagnosed, have a gradual onset caused by the cumulative effect of repetitive traumatic events or "mini-accidents." As noted by other courts, it is difficult to determine the date an accident occurs in a repetitive trauma case because there is no definite time of injury. *See Lawson v. Lear Seating Corp.*, 944 S.W.2d 340 (Tenn.1997); *Berry v. Boeing Military Airplanes*, 20 Kan.App.2d 220, 885 P.2d 1261 (1994). Applying the discovery rule to such an injury often works to the prejudice of an employee who discovers symptoms of a repetitive trauma injury but continues to work. *King v. D.C. Dept. of Employment Servs.*, 742 A.2d 460 (D.C.1999); *Oscar Mayer & Co. v. Ind. Comm'n*, 176 Ill.App.3d 607, 126 Ill.Dec. 41, 531 N.E.2d 174 (1988).

Although there is no overwhelming consensus, courts seeking to liberally provide for workers' compensation coverage have adopted the "last day of exposure" or the "last day worked" rule premised on the recognition that the injury is caused by trauma that occurs repeatedly until the particular employment ends. *See Lawson, supra; Berry, supra; Brooks Drug, Inc. v. Workmen's Comp. Appeal Bd.*, 161 Pa.Cmwlth. 81, 636 A.2d 246 (1993).

This approach is consistent with our policy to liberally construe the Workers' Compensation Act in favor of coverage. *Mauldin, supra.* Further, it has the added advantage of fixing an outside date for filing that avoids the need to litigate the date of injury. We also note the separate requirement that a worker give the employer *notice* of an injury. S.C.Code Ann. § 42–15–20 (1985).[4] This notice requirement ensures the em-

---

4. This section provides:

Every injured employee or his representative shall immediately on the occurrence of an accident, or as soon thereafter as practicable, give or cause to be given to the employer a notice of the accident and the employee shall not be entitled to physician's fees nor to any compensation which may have accrued under the terms of this Title prior to the giving of such notice, unless it can be shown that the employer, his agent or representative, had knowledge of the accident or that the party required to give such notice had been prevented

ployer will not be unfairly prejudiced by a two-year period for filing that begins from the last date of exposure.

We hold the last day of exposure is the date from which the statute of limitations begins to run in a repetitive trauma case. Applying this rule to the case at hand, we reverse the ruling that Claimant's action is time-barred since he filed his claim within two years of his last date of exposure. The case is remanded to the commissioner to address the merits of the claim.

**REVERSED AND REMANDED.**

TOAL, C.J., WALLER, BURNETT, PLEICONES, JJ., concur.

from doing so by reason of physical or mental incapacity or the fraud or deceit of some third person. No compensation shall be payable unless such notice is given within ninety days after the occurrence of the accident or death, unless reasonable excuse is made to the satisfaction of the Commission for not giving such notice and the Commission is satisfied that the employer has not been prejudiced thereby.