573 S.E.2d 785

**Miriam PEE, Respondent,**

v.

**AVM, INC., and Arvin Industries, Inc., Petitioners.**

**No. 25560.**

Supreme Court of South Carolina.

Heard Oct. 10, 2002.

Decided Nov. 25, 2002.

168

Stanford E. Lacy and Peter H. Dworjanyn, of Collins & Lacy, of Columbia, for petitioners.

Rodney C. Jernigan, Jr. and Karl A. Folkens, of Folkens & Jernigan, of Florence, for respondent.

Kathryn Williams, of Greenville, for amicus curiae S.C. Trial Lawyers Association.

Justice MOORE:

Respondent (Claimant) was awarded workers' compensation benefits for disability from carpal tunnel syndrome resulting from repetitive trauma to both wrists.[1] Petitioners (Employer) appealed. The circuit court and the Court of Appeals affirmed.[2] The only issue is whether a repetitive trauma injury is compensable under the South Carolina Workers' Compensation Act. We find it is and affirm.

## FACTS

Claimant worked for Employer in various capacities beginning in 1987. Each of her jobs involved the repetitive use of her hands. In the spring of 1995 she began experiencing tingling and numbness in both hands. On April 25, 1995, she was diagnosed with moderately severe carpal tunnel syndrome caused by compression of the median nerve as it passes through the carpal tunnel in the wrist. The evidence is uncontradicted that claimant's injury is work-related.

[1]. Carpal tunnel syndrome may also result from one traumatic event or as a secondary effect of another condition such as diabetes or pregnancy, which is not at issue here. *See* The Merck Manual of Medical Information (1997).

[2]. *Pee v. AVM, Inc.*, 344 S.C. 162, 543 S.E.2d 232 (Ct.App.2001).

After surgery in June 1995, Claimant's left wrist improved temporarily but her symptoms returned within six months. Claimant's treating doctor removed her from work beginning April 20, 1996. By May 1996, she had severe carpal tunnel syndrome in her right wrist. Surgery was recommended for her right wrist in October 1996 with no guarantee of relief from her symptoms.

Meanwhile, on July 21, 1996, Claimant filed this action claiming benefits for an on-the-job injury. Claimant was awarded temporary total benefits continuing until she reaches maximum medical improvement.

The circuit court and the Court of Appeals held a repetitive trauma injury is compensable as an "injury by accident" as provided in S.C.Code Ann. § 42–1–160 (Supp.2001).

## ISSUE

Is a repetitive trauma injury compensable as an injury by accident?

## DISCUSSION

Employer contends a repetitive trauma injury does not qualify as an "injury by accident" because the cause of the injury is not unexpected and the injury lacks definiteness of time. In the alternative, Employer contends injury from repetitive trauma should be compensable as an occupational disease if compensable at all.

### 1. Unexpectedness

Employer contends the repetitive event which causes a repetitive trauma injury is not unexpected but is part of the worker's normal work activity. Because the event causing the injury is not unexpected, Employer argues repetitive trauma injury cannot be compensable as an injury by accident.

Under § 42–1–160, a claimant is entitled to benefits for an "injury by accident arising out of and in the course of employment." In *Layton v. Hammond–Brown–Jennings Co.,* 190 S.C. 425, 3 S.E.2d 492 (1939), we interpreted for the first time the meaning of "injury by accident" under the newly enacted Workman's Compensation Act. We noted that two lines of

cases had evolved in other jurisdictions: some jurisdictions, including North Carolina upon which our Act is modeled, held there must be some unusual or unlooked-for mishap resulting in injury to constitute an accident; other jurisdictions held no mishap was required for an accident so long as there was an unexpected injury occurring while the employee was performing his usual duties in his customary manner. We chose the latter definition, focusing on the unexpected nature of the *injury* rather than requiring that the event causing the injury be unexpected. This definition of accident as an unexpected injury has been reiterated in a long line of cases. *See, e.g., Colvin v. E.I. DuPont De Nemours Co.,* 227 S.C. 465, 88 S.E.2d 581 (1955) (injury by accident is an injury occurring unexpectedly without the prior occurrence of any external event of an accidental nature); *Hiers v. Brunson Const. Co.,* 221 S.C. 212, 70 S.E.2d 211 (1952) (injury by accident is an injury that is accidental in that it is unforeseen and unexpected).[3]

As we more recently stated, "in determining whether something constitutes an injury by accident the focus is not on some specific event, but rather on the injury itself." *Stokes v. First Nat'l Bank,* 306 S.C. 46, 50, 410 S.E.2d 248, 250 (1991). Further, an injury is unexpected, bringing it within the category of accident, if the *worker* did not intend it or expect it would result from what he was doing. *Colvin,* 227 S.C. at 468–69, 88 S.E.2d at 582 (emphasis added). Therefore, if an injury is unexpected from the worker's point of view, it qualifies as an injury by accident. Here, there is no evidence Claimant intended or expected to be injured as a result of her repetitive work activity.

Employer's contention that the cause of the injury must be unexpected is incorrect. Under South Carolina law, if the injury itself is unexpected, it is compensable as an injury by accident.

---

3. In *Hiers,* we noted the policy reason for adopting such a definition:
   If [the injury] results from the conditions under which the work is carried on, there is no reason why it should not be held compensable. In such case, it is one of the casualties of business; and it is the purpose of the compensation statutes to place the burden of casualties upon the business and not upon the unfortunate employee.
   70 S.E.2d at 221.

## 2. *Definiteness of time*

Employer contends the injury resulting from repetitive trauma has no definite time of occurrence and therefore it is not compensable as an injury by accident.

Definiteness of time, while relevant to proving causation, is not required to prove an injury qualifies as an injury by accident. For instance, in *Sturkie v. Ballenger Corp.,* 268 S.C. 536, 235 S.E.2d 120 (1977), we found the claimant's emphysema, which developed gradually, was caused by repeated exposure to high humidity and dust on the job and was therefore compensable as an injury by accident. Similarly, in *Stokes, supra,* we found a psychological disorder which developed over a period of months compensable as an injury by accident.

Further, under S.C.Code Ann. § 42–1–160 (Supp.2001), a disease, which typically has a gradual onset, is compensable as an injury by accident "when it results naturally and unavoidably from the accident." This provision indicates the legislature intended an accident to be compensable under the Act, even where the effects of the accident develop gradually. The fact that a repetitive trauma injury is disease-like in its gradual onset does not preclude it from coverage as an injury by accident.

Here, it is uncontested that Claimant's carpal tunnel syndrome was caused by her work activities.[4] The lack of a definite time of injury is therefore not dispositive.

## 3. *Repetitive trauma injury as occupational disease*

Employer contends that if a repetitive trauma injury is compensable under the Workers' Compensation Act, it should be compensable only as an occupational disease and not as an injury by accident. The Court of Appeals rejected this argument and followed the rationale of other courts that have focused on the commonly understood meaning of the word "disease" to conclude repetitive trauma is not an occupational

---

4. Employer's claim that our holding makes compensable all the effects of aging is without merit since causation must always be established. Whether there is any causal connection between employment and an injury is a question of fact for the Commission. *Sharpe v. Case Produce Inc.,* 336 S.C. 154, 519 S.E.2d 102 (1999).

disease. *See Lutrell v. Ind. Comm'n,* 154 Ill.App.3d 943, 107 Ill.Dec. 620, 507 N.E.2d 533 (1987) (injury results from a specific identifiable trauma or physical event whereas disease originates from a source that is neither traumatic nor physical); *Duvall v. ICI Americas, Inc.,* 621 N.E.2d 1122 (Ind.App. 1993) (occupational disease results from exposure to conditions in the workplace; exposure is a passive relationship rather than an event or occurrence); *Noble v. Lamoni Prods.,* 512 N.W.2d 290 (Iowa 1994) (none of the common definitions trace the cause of disease to trauma).

Whether a repetitive trauma injury is compensable either as an injury by accident or an occupational disease has not been squarely addressed by this Court.[5] As other courts have recognized, the difficulty in deciding this issue arises from the fact that a repetitive trauma injury has some of the characteristics of both accidental injury and occupational disease—it is the cumulative effect of repeated and distinct events that ultimately produces the disability. *See Berry v. Boeing Military Airplanes,* 20 Kan.App.2d 220, 885 P.2d 1261 (1994); *Crosby v. American Stores,* 207 Neb. 251, 298 N.W.2d 157 (1980). There is a split of authority on this issue with no real majority view.[6]

Further, it is not obvious that either approach is more favorable to finding coverage. *See Mauldin v. Dyna–Color/Jack Rabbit,* 308 S.C. 18, 416 S.E.2d 639 (1992) (Court will liberally construe Act in favor of coverage). Presumably,

---

**5.** In *Minor v. Philips Prods.,* 329 S.C. 321, 494 S.E.2d 819 (1997), the appellant/employer raised the issue whether a repetitive motion injury should be considered an occupational disease rather than an injury by accident. We did not expressly answer this question but simply found substantial evidence supported the award of benefits as an injury by accident.

**6.** *Compare Kinney v. Tupperware Co.,* 117 Idaho 765, 792 P.2d 330 (1990); *Crosby v. American Stores,* 207 Neb. 251, 298 N.W.2d 157 (1980) (occupational disease) *with TRW/Reda Pump v. Brewington,* 829 P.2d 15 (Okla.1992); *Brown Shoe Co. v. Reed,* 209 Tenn. 106, 350 S.W.2d 65 (1961) (injury by accident). Other courts are restricted by statutory language. *See, e.g.,* Ala.Code § 25–5–1(9) (1975) ("Injury shall include physical injury caused either by carpal tunnel syndrome disorder or by other cumulative trauma disorder...."); Or.Rev.Stat. 656.802(1)(c) (1987) (occupational disease includes "any series of traumatic events or occurrences which requires medical services or results in physical disability or death").

Employer is advocating the occupational disease approach based on case law from other jurisdictions where repetitive trauma is treated as an occupational disease and courts have found no coverage because the claimant failed to show a required element. For instance, in *Fuller v. Motel 6*, 136 N.C.App. 727, 526 S.E.2d 480 (2000), the North Carolina Court of Appeals found no coverage for carpal tunnel syndrome where the claimant failed to show it was caused by conditions peculiar to her employment that excluded all ordinary diseases to which the general public is equally exposed.

In South Carolina, our statute defines an occupational disease as "a disease arising out of and in the course of employment which is due to hazards in excess of those ordinarily incident to employment and is peculiar to the occupation in which the employee is engaged." S.C.Code Ann. § 42–11–10 (1985). Unlike the North Carolina courts, however, we have not construed the definition of occupational disease so rigidly. The statute is satisfied where the claimant is able to show simply that the employment increased the risk of the disease. *See Mohasco Corp. v. Rising*, 292 S.C. 489, 357 S.E.2d 456 (1987). Under our more liberal approach, it is not clear that proof of a repetitive trauma injury as an occupational disease would be a more onerous burden than proving it as an injury by accident.

In any event, the commission found Claimant's repetitive trauma injury was compensable as an injury by accident. We find a repetitive trauma injury meets the definition of injury by accident in that it is an unforeseen injury caused by trauma. We therefore conclude the commission's finding is supported by substantial evidence. *See Anderson v. Baptist Med. Center*, 343 S.C. 487, 541 S.E.2d 526 (2001) (findings of commission are presumed correct and will be set aside only if unsupported by substantial evidence).

AFFIRMED.

TOAL, C.J., WALLER, BURNETT and PLEICONES, JJ., concur.