586 S.E.2d 157

Anthony WHITE, Employee, Respondent,

v.

MEDICAL UNIVERSITY OF SOUTH CAROLINA, Employer, and State Accident Fund, Carrier, Appellant.

No. 3671.

Court of Appeals of South Carolina.

Heard June 25, 2003.

Decided Aug. 11, 2003.

Rehearing Denied Sept. 17, 2003.

Ajerenal Danley and Cynthia B. Polk, both of Columbia, for Appellant.

E. Courtney Gruber and R. Walter Hundely, both of Charleston, for Respondent.

HEARN, C.J.:

In this workers' compensation case, the commission found that Anthony White's claim was barred by the applicable statute of limitations. White appealed to the circuit court, which reversed the commission, finding White's claim was not barred by the statute of limitations, and awarded benefits. White's employer, the Medical University of South Carolina (MUSC) appeals, arguing the circuit court erred in (1) not dismissing the claim for White's failure to set forth sufficient grounds for appeal in his petition for judicial review; (2) finding the commission's decision was not supported by substantial evidence; and (3) determining that MUSC was estopped from asserting the statute of limitations as a defense. We affirm.

## FACTS/PROCEDURAL HISTORY

White worked at MUSC as an operating room technician/nursing assistant. His job duties included removing trash bins from the operating room, moving equipment, lifting patients, and transporting patients to and from other rooms. Larger patients were transported by way of a 1500–pound bed called a "big-boy" bed.

In 1997, White complained to his supervisor that he had hurt himself, and he sought medical treatment from Dr. G.T. Little, complaining primarily of poor circulation in his legs. Dr. Little's notes from that day indicated that White also complained of severe lower back pain; however, the notes further stated that White "had no injuries to the back that [White] is aware of." The injury did not prevent White from returning to work, nor was White put on any light duty restrictions or work restrictions.

The record indicates White went to his family physician, Dr. F.C. Walker, on February 2, 1999. Dr. Walker treated White for flu symptoms and noted that White complained "of some back pain in the lower thorax." White again saw Dr. Walker on February 26, 1999, and Dr. Walker's notes indicated that White was experiencing some back pain at that time. White also saw Dr. Walker on November 1, 1999, and on that date he complained of muscular thoracic pain.

On April 12, 2000, White saw Dr. Elizabeth Rittenberg for low back pain radiating into both legs. In her report, Dr. Rittenberg noted that White had had low back pain for several years but it had gotten worse in the three weeks prior to his visit. In her notes from a visit on April 24, 2000, Dr. Rittenberg stated that an MRI scan of White showed a small midline L4, 5 disc herniation.

White filed a Form 50 seeking workers' compensation benefits on December 6, 2000. The single commissioner denied the claim, finding it was barred by the two-year statute of limitations. S.C.Code Ann. § 42–15–40 (Supp.2002). The full commission affirmed. White appealed to the circuit court, which reversed and remanded the matter back to the commission. The circuit court found a reasonable person would not have been on notice that he suffered a work-related claim prior to April 2000. Because it found the statute of limitations did not begin to run until that date, the circuit court found White's claim was not barred. The court also found that substantial evidence existed to support White's position that he suffered a disc herniation as a result of repetitive trauma. MUSC appeals.

## STANDARD OF REVIEW

 "The South Carolina Administrative Procedures Act (APA) establishes the standard for judicial review of decisions of the Workers' Compensation Commission." *Corbin v. Kohler Co.*, 351 S.C. 613, 617, 571 S.E.2d 92, 94–95 (Ct.App.2002) (citing *Gibson v. Spartanburg Sch. Dist. No. 3*, 338 S.C. 510, 526 S.E.2d 725 (Ct.App.2000); *Hamilton v. Bob Bennett Ford*, 336 S.C. 72, 518 S.E.2d 599 (Ct.App.1999)). "In an appeal from the Commission, this Court may not substitute its judgment for that of the Commission as to the weight of the evidence on questions of fact, but may reverse where the decision is affected by an error of law." *Corbin*, 351 S.C. at 617, 571 S.E.2d at 95 (citing *Hamilton*, 336 S.C. at 76, 518 S.E.2d at 601). "The appellate court's review is limited to deciding whether the Commission's decision is unsupported by substantial evidence or is controlled by some error of law." *Id.* "The findings of an administrative agency are presumed correct and will be set aside only if unsupported by substantial evidence." *Id.* (citing *Hicks v. Piedmont Cold Storage*, 335 S.C. 46, 515 S.E.2d 532 (1999); *Broughton v. South of the Border*, 336 S.C. 488, 520 S.E.2d 634 (Ct.App.1999)).

## LAW/ANALYSIS

I. Sufficiency of White's Notice of Appeal

 MUSC first argues White's appeal should have been dismissed by the circuit court for failure to set forth sufficient grounds for appeal in his petition for review. We disagree.

The commission adopted the single commissioner's order, which concluded as a matter of law that White had not met the two-year statute of limitations. The commission thus denied the claim. In his notice of appeal, White stated the following exception to the ruling: "The Full Commission erred in finding as a fact and concluding as a matter of law that the Claimant was not entitled to benefits under the South Carolina Workers' Compensation Act."

Section 42–17–60 of the South Carolina Code (1985) states that "[n]otice of appeal [to the circuit court from the commission] must state the grounds of the appeal or the alleged errors of law." In *Solomon v. W.B. Easton, Inc.*, 307 S.C. 518,

415 S.E.2d 841 (Ct.App.1992), an injured worker's exception that "the facts found by the commission were not supported by credible evidence" was specific enough to satisfy the notice requirements of section 42–17–60.[1] White's exception, attacking the commission's findings of fact and conclusions of law, is substantially similar to the one upheld in *Solomon.*

In White's case, the commission's findings of fact and conclusions of law only addressed the statute of limitations issue; thus, White's notice of appeal was sufficient to direct the circuit court to the error complained of and allow the court to determine whether the ruling was erroneous. Both the court and MUSC were on notice that White believed the commission erred in finding he was not entitled to benefits. Thus, we find no error.

II. Statute of Limitations

■ MUSC next argues the circuit court erred in finding the commission's decision was not supported by substantial evidence. We disagree.

The commission found that White's claim was barred by the statute of limitations because White "either knew or should have known that repetitive lifting of patients and gurneys was causing injury to his back as far back as 1997." In reversing the commission, the circuit court found, *inter alia,* there was substantial evidence to support White's position that he suffered disc herniation as a result of repetitive trauma.

A repetitive trauma injury has a "gradual onset caused by the cumulative effect of repetitive traumatic events or 'mini-accidents.'" *Schulknight v. City of N. Charleston,* 352 S.C. 175, 178, 574 S.E.2d 194, 195 (2002). In *Schulknight,* a firefighter sought workers' compensation benefits for hearing loss he suffered from sitting next to the fire siren and air horn while he rode in the fire truck. The firefighter had a hearing test in April of 1995, which indicated he had suffered noise-induced hearing loss. Despite this hearing loss, the doctor

---

1. Solomon's other two exceptions, that the "decision of the commission failed to address all the exceptions and points of law brought before the commission" and "upon such further exception as will hereafter be served," were not sufficient to satisfy the notice requirements of section 42–17–60. *Solomon,* 307 S.C. at 522, 415 S.E.2d at 844.

administering the test concluded the firefighter could still perform his job. Over the next two years, the firefighter was diagnosed with bilateral hearing loss from noise exposure and was told that in approximately ten years, he would need hearing aids. *Id.* at 176, 574 S.E.2d at 194–195. The firefighter left the fire department in August of 1997, and in May of 1998, he filed a workers' compensation claim. The full commission found the two-year statute of limitations had run because the firefighter knew he had work-induced hearing loss since May of 1995. *Id.* at 177, 574 S.E.2d at 195. The supreme court reversed, finding the firefighter's injury was caused by repetitive trauma. The court noted that "it is difficult to determine the date an accident occurs in a repetitive trauma case because there is no definite time of injury." *Id.* The court went on to "hold the last day of exposure is the date from which the statute of limitations begins to run in a repetitive trauma case." *Id.* at 179, 574 S.E.2d at 196.

In the present case, although White complained of back pain in 1997, his injury was not severe enough at that time to warrant any change to his duties at work. As White continued to lift heavy equipment and patients at work, his back pain worsened, and eventually, he was diagnosed with a disc herniation and ordered not to lift heavy objects.[2] Thus, even if substantial evidence supported the commission's determination that White knew since 1997 that his back pain was work-related, the statute of limitations did not begin to run until the last day of exposure—White's last day of work in April of 2000. *Id.*

We agree with the circuit court that substantial evidence supports the finding that White's injury was the result of repetitive trauma, which arose out of and in the course of White's employment. Thus, the circuit court correctly found that the statute of limitations had not run and White is entitled to workers' compensation benefits.[3] *See also Maul-*

---

2. According to Dr. Rittenberg, "within a reasonable degree of medical certainty ... [White's] job duties [were] of such a nature that they could have aggravated or exacerbated his pre-existing chronic back pain [from 1997], ultimately resulting in disc herniation."

3. Because we find the statute of limitations has not run, we need not address the issue of estoppel.

*din v. Dyna–Color/Jack Rabbit,* 308 S.C. 18, 416 S.E.2d 639 (1992) (stating that the policy in South Carolina is to liberally construe the Workers' Compensation Act in favor of coverage); *Gattis v. Chavez,* 413 F.Supp. 33, 39 (D.S.C.1976) ("Statutes of limitation which are susceptible to judicial construction should not be applied mechanically but rather construed in the manner most consistent with both their underlying purposes and the requirements of substantial justice for all parties involved.")

Accordingly, based on the foregoing reasons, the decision of the circuit court is

**AFFIRMED.**

CURETON and STILWELL, JJ., concur.