THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE 
 CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 
 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Willie Earl Dodd, Employee,       
Respondent,
 
 
 

v.

 
 
 
Exide Battery Corporation, Employer, and Risk Enterprise Management, 
 Ltd.,        Appellants.
 
 
 

Appeal From Greenville County
John W. Kittredge, Circuit Court Judge

Unpublished Opinion No.  2005-UP-014
Heard December 14, 2004  Filed January 
 13, 2005

AFFIRMED

 
 
 
Michael M. Farry and David A. 
 Wilson, both of Greenville, for Appellants.
Eddie R. Harbin, of Greenville, for Respondent.
 
 
 

PER CURIAM: This is a workers compensation 
 case.  The single commissioner found the claimant Willie Earl Dodd, an assembly 
 line worker, sustained a compensable injury by accident on January 3, 1995, 
 while employed by the Appellant Exide Battery Corporation.  The single commissioner 
 described the injury as one in which repetitive trauma caused Dodd to suffer 
 bi-lateral carpal tunnel syndrome to both wrists and hands.  The full commission 
 adopted the single commissioners findings of fact.  The circuit court affirmed.  
 Exide and its insurance carrier, Risk Enterprise Management, Ltd., appeal.  
 We affirm. 
1.       We find no error in the circuit courts 
 holding that the two-year statute of limitations prescribed by S.C. Code Ann. 
 § 42-15-40 (Supp. 2003) did not bar Dodds claim.  Dodd, as found by the commission, 
 suffered a repetitive trauma injury, an injury by accident under the workers 
 compensation act.   Pee Dee v. AVM, 352 S.C. 167, 174, 573 S.E.2d 785, 
 789 (2002).  In cases involving repetitive trauma, the statute of limitations 
 runs from the date of last exposure.  Schurlknight v. City of Charleston, 
 352 S.C. 175, 178-179, 574 S.E.2d 194, 195 (2002); 
 [1] see also White v. Med. Univ. of S.C., 355 S.C. 560, 565-66, 
 586 S.E.2d 157, 160-61 (2003).  Here, the last day of exposure ─ when 
 Dodd engaged in the repetitive activity that caused his injury ─ occurred 
 on January 31, 1996, the last day Dodd worked for Exide.  
2.  We do not address the issue, raised in Appellants 
 brief, of whether Exide received notice of Dodds accident within ninety days 
 of its occurrence as required by S.C. Code Ann. § 42-15-20 (Supp. 2003).   The 
 trial court did not address the issue and Appellants never specifically raised 
 it to the trial court.  Winter v. U.S. Fidelity & Guar. Co., 240 
 S.C. 561, 573, 126 S.E.2d 724, 730 (1962); Gaddy v. Douglass, 359 S.C. 
 329, 350, 597 S.E.2d 12, 23 (Ct. App. 2004); cf. State v. Bailey, 
 298 S.C. 1, 5, 377 S.E.2d 581, 584 (1989) (holding the making of standard motions 
 at trial does not preserve an issue for appellate review); 4 C.J.S. Appeal 
 and Error § 213, at 293 (1993) (At the very least, the matter must have 
 definitely been called to the attention of the trial court sufficiently to obtain 
 a ruling thereon.).    
3.       We find no error in the circuit courts 
 holding that the full commission did not err in remanding Dodds carpal tunnel 
 claim to the single commissioner for additional evidence.  See S.C. Code 
 Ann. § 42-17-50 (Supp. 2003)  (authorizing the commission, among other things, 
 to receive further evidence and rehear the parties); Spearman v. F.S. Royster 
 Guano Co., 188 S.C. 393, 403-04, 199 S.E. 530, 535 (1938) (stating the commission 
 possesses broad authority to take additional testimony); see also 25A 
 S.C. Code Ann. Regs. 67-707(A) (Supp. 2003) (authorizing the commission, in 
 its discretion, to order additional evidence when necessary for the completion 
 of the record); Solomon v. W.B. Easton, Inc., 307 S.C. 518, 521, 415 
 S.E.2d 841, 844 (Ct. App. 1992) (holding the commission, as the fact finder 
 in a workers compensation case, has the authority to receive further evidence).
 4.  We agree with the circuit courts 
 holding that substantial evidence supports the finding by the commission linking 
 Dodds carpal tunnel syndrome with his employment at Exide.  An appellate court 
 must affirm the findings of the commission if they are supported by substantial 
 evidence.  Hargrove v. Titan Textile Co., 360 
 S.C. 276, 289, 599 S.E.2d 604, 610-11 (Ct. App. 2004).  Dodds work on the assembly 
 line involved repetitive grasping, gripping, squeezing, and breaking grids.  
 On April 1, 1996, just a little over two months after Dodd left Exides employ 
 and some fifteen to eighteen months after he began experiencing numbness and 
 tingling in his fingers, a physician diagnosed Dodds condition as carpal tunnel 
 syndrome.  A nerve study conducted by a physical therapist revealed Dodd suffered 
 from a demyelinating lesion of the Median nerves in the carpal tunnel [and] 
 distally at the wrists, bilaterally.  An orthopedist physician opined the cause 
 of Dodds carpal tunnel syndrome was most probably due to the type of work Dodd 
 performed with Exide.  
AFFIRMED. 
HEARN, C.J., and GOOLSBY and WILLIAMS, JJ., 
 concur.

 
 
 [1] Appellants attempt to distinguish Schurlknight on the grounds 
 that the commission found Dodd sustained an injury by accident, not a repetitive 
 stress injury.  The commission, however, also found that Dodds injuries were 
 caused by repetitive trauma.