THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Charlie L. Corbin, Respondent,
v.
City of Columbia, Appellant.
 
 
 

Appeal From Richland County
 John C. Hayes, III, Circuit Court Judge

Unpublished Opinion No. 2007-UP-120
Submitted March 1, 2007  Filed March 14, 2007   

AFFIRMED

 
 
 
Kenneth E. Gaines, of Columbia, for Appellant.
J. Leeds Barroll, IV, of Columbia, for Respondent.
 
 
 

PER CURIAM: The City of Columbia appeals from the circuit courts order affirming the order of the Appellate Panel of the South Carolina Workers Compensation Commission, which awarded benefits to Charlie Corbin for sustaining a repetitive trauma injury to his back.  The City argues that Corbins claim should be barred because it was not filed within the two-year statute of limitations period and because Corbin failed to give the City notice within ninety days of the accident.  We affirm.[1] 
FACTS
Corbin began working as a nighttime garbage collector for the City of Columbia Sanitation Department in 1994.  His truck did not have a claw, the device which lifts up trash cans automatically, so Corbin and an assistant had to manually lift the trash cans to dump them into the truck.  
Corbin experienced back problems, and on February 28, 2002, he visited Dr. Brett Gunter.  Dr. Gunter diagnosed Corbin as having lumbar spinal stenosis with neurogenic claudication.  Corbin was out of work until March 4, 2002, and when he returned to work, Dr. Gunter restricted Corbin from lifting more than ten pounds.  With that restriction, Corbin was unable to work for the sanitation department because it did not have any light duty positions.  Corbin returned to Dr. Gunters office seeking a change to his weight lifting restrictions, which he received.  
Corbin returned to his employment as a trash collector, and his back pain continued.  On October 3, 2002, Corbin ceased his employment with the City due to his injury, and he had surgery on his back later that month.  
On June 9, 2004, Corbin filed a Form 50 with the South Carolina Workers Compensation Commission for a work-related, repetitive trauma injury to his back.  The City argued Corbins claim was barred by the two-year statute of limitations because his injury occurred in February of 2002.  The City further argued, inter alia, that Corbin failed to provide the City with notice of his accident within ninety days.  The single commissioner disagreed and awarded Corbin benefits.  The Appellate Panel adopted the order of the single commissioner, and the circuit court affirmed.  This appeal followed.
STANDARD OF REVIEW
The Administrative Procedures Act establishes the standard by which to review decisions from the South Carolina Workers Compensation Commission.  Lark v. Bi-Lo, Inc., 276 S.C. 130, 134-35, 276 S.E.2d 304, 306 (1981).  Any review of the Appellate Panels factual findings is governed by the substantial evidence standard.  Bursey v. South Carolina Dept of Health & Envtl. Control, 360 S.C. 135, 141, 600 S.E.2d 80, 84 (Ct. App. 2004); S.C. Code Ann. § 1-23-380(A)(6)(e) (2005).  Accordingly, when confronted with a challenge to a factual determination by the Appellate Panel, this courts review is limited to deciding whether the Appellate Panels decision is supported by substantial evidence.  Rodriguez v. Romero, 363 S.C. 80, 84, 610 S.E.2d 488, 490 (2005).  Substantial evidence is not a mere scintilla of evidence, but is evidence that, considering the record as a whole, would allow reasonable minds to reach the conclusion the agency reached.  Pratt v. Morris Roofing, Inc., 357 S.C. 619, 622, 594 S.E.2d 272, 274 (2004).  However, where the Appellate Panels decision is controlled by an error of law, this courts review is plenary.  Lizee v. S.C. Dept. of Mental Health, 367 S.C. 122, 126, 623 S.E.2d 860, 862 (Ct. App. 2005).
LAW/ANALYSIS
The City first argues the circuit court erred in finding Corbins claim was timely filed.  We disagree.
Pursuant to section 42-15-40 of the South Carolina Code (Supp. 2006), a claim for workers compensation must be filed within two years of the date of accidental injury.    When the injury results from repetitive trauma, the statute of limitations begins to run from the last day of exposure, which is the last day of work.  Schurlknight v. City of North Charleston, 352 S.C. 175, 179, 574 S.E.2d 194, 196 (2002).
In the case before us, there is substantial evidence to support the Appellate Panels determination that Corbins injury resulted from repetitive trauma.  Dr. Gunter opined that based on his examinations of Corbin and Corbins work history, Corbins injury was caused by repetitive trauma to the back.  Corbin also testified that his every day job duties caused his back problems, explaining that the lifting of boxes and constant climbing into and out of the truck bothered his back.  
Because there is substantial evidence Corbins injury resulted from repetitive trauma, his Form 50 needed to be filed within two years of his last day of work to be timely.[2]   The parties agree Corbins last day of work was October 3, 2002, and Corbins Form 50 was filed by June 9, 2004, which was within the two year-limitation period.  Accordingly, we find no merit to the Citys argument that Corbins claim should be barred.
Next, the City argues Corbin failed to provide notice within ninety days that his injury was work-related.  We disagree, finding substantial evidence in the record to support the Appellate Panels finding that notice was timely made.
Corbin testified that in March 2002, he explained the injury and its repetitive trauma nature to his supervisor. Corbins supervisor testified that he had constant discussion with Corbin about his worsening conditions after this March 2002 discussion.  Furthermore, Corbin presented notes from his physician to his employer shortly before he had surgery in October.  
Based on the foregoing, we find substantial evidence supports the Appellate Panels finding that Corbins claim was timely filed and the City was given timely notice.  Accordingly, the order of the circuit court is
AFFIRMED.
HEARN, C.J., and GOOLSBY and STILWELL, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.
[2] The City also seems to argue that the date of injury should have been February 28, 2002, when he first saw Dr. Gunter.  Although Corbin was out of work for a few days after that visit, it is undisputed he returned to work on March 4 and worked continuously until October 3, 2002.  The statute of limitations begins to run the last day of work, not the day the claimant learns an injury is work-related.  See White v. Medical University of South Carolina, 355 S.C. 560, 566, 586 S.E.2d 157, 160-61 (Ct. App. 2003) ([E]ven if substantial evidence supported the commissions determination that White knew since 1997 that his back pain was work-related, the statute of limitations did not begin to run until the last day of exposure  Whites last day of work in April of 2000.).