THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT
 BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE
 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Doris Barr, Claimant, Respondent,
 v.
 Williamsburg County School District, 
 Employer, and SC School Boards 
 Insurance Trust, Carrier, Appellants.
 
 
 

Appeal From Williamsburg County
Clifton Newman, Circuit Court Judge
Unpublished Opinion No. 2008-UP-028
Submitted January 2, 2008  Filed January
 10, 2008
AFFIRMED

 
 
 
 Kirsten Leslie Barr, of Mt. Pleasant, for
 Appellants
 Joe Ann M. Calvy, of Kingstree, for
 Respondent.
 
 
 

PER CURIAM: In a
 decision affirmed by the South Carolina Workers' Compensation Commission
 (Appellate Panel) and the circuit court, the single commissioner found Doris
 Barr sustained an injury due to repetitive trauma at Williamsburg School
 District and was entitled to temporary total benefits and compensation for
 medical treatment related to Barrs workers compensation injury.  Williamsburg School District and South Carolina School Boards Insurance Trust (Appellants)
 appeal and we affirm.[1]
FACTS
Doris Barr (Barr) began working for Williamsburg County School District (Employer) as a food service operator in the school cafeteria in 1995.
 Her duties varied but included scrubbing pans, lifting bags of ingredients,
 thawing meat, and baking in preparation to feed over 700 students. 
In 2000 or 2001, Barr began experiencing tingling and numbness in
 her fingers. In June 2001 she was diagnosed with carpal tunnel syndrome but
 continued to work in the cafeteria. Barrs pain had increased and progressed up
 both hands by the time she saw Dr. Gheraibeh on January 30, 2003. The next day
 Dr. Gheraibeh performed carpal tunnel release surgery on Barrs left hand.  On
 February 19, 2003, she underwent the same surgery on her right hand.  Barr
 continued to suffer from pain and numbness after the surgeries.  
Although Barr had previously complained about her hands to her
 co-workers and the cafeterias assistant manager, Barr did not file a Form-50
 requesting workers compensation until May 8, 2003. The single commissioner
 awarded Barr temporary total benefits for the period of January 30 to December
 30, 2003. The Appellate Panel affirmed.  Appellants appealed to the circuit
 court which found substantial evidence supported the Appellate Panels findings
 of fact and the Appellate Panel did not err in any matters of law.  Appellants
 appeal.
STANDARD OF REVIEW 
South Carolina Code section 1-23-380(A)(6) governs our
 review of workers compensation decisions.  Shealy v. Aiken County, 341 S.C. 448, 454-55, 535 S.E.2d 438, 442 (2000).  In an appeal from the Commission, this Court may not
 substitute its judgment for that of the Commission as to the weight of the
 evidence on questions of fact, but may reverse where the decision is affected
 by an error of law. Corbin v. Kohler Co., 351 S.C. 613, 617, 571 S.E.2d
 92, 95 (Ct. App. 2002) The findings of an administrative agency are
 presumed correct and will be set aside only if unsupported by substantial
 evidence. Id.  Substantial evidence is not a mere scintilla of
 evidence, but is evidence that, considering the record as a whole, would allow
 reasonable minds to reach the conclusion the agency reached.  McCraw v.
 Mary Black Hosp., 350 S.C. 229, 235, 565 S.E.2d 286, 289 (2002). 
LAW/ANALYSIS
1. Appellants claim the
 Appellate Panels finding that Barr sustained repetitive trauma to her right
 and left upper extremities is not supported by substantial evidence.  Specifically,
 Appellants claim Barrs activities at the cafeteria were neither repetitive nor
 traumatic.  We disagree.
Under Section 42-1-160 of the South Carolina Code (2007), a claimant is entitled to benefits for an
 injury by accident arising out of and in the course of employment. Pee v.
 AVM, Inc., 352 S.C. 167, 170, 573 S.E.2d 785, 787 (2002). In interpreting
 injury by accident, the Supreme Court has held that no mishap was required
 for an accident so long as there was an unexpected injury occurring while the
 employee was performing his usual duties in his customary manner. Id. at 171, 573 S.E.2d at 787;  See, e.g., Colvin v. E.I. DuPont De Nemours Co., 227 S.C. 465, 88 S.E.2d 581 (1955) (injury by
 accident is an injury occurring unexpectedly without the prior occurrence of
 any external event of an accidental nature); Hiers v. Brunson Const. Co., 221 S.C. 212, 70 S.E.2d 211 (1952) (injury by
 accident is an injury that is accidental in that it is unforeseen and
 unexpected). The focus is not on some specific event, but rather on the injury
 itself. Stokes v. First Nat'l Bank, 306 S.C. 46, 50, 410 S.E.2d 248, 250 (1991).
 If an injury is unexpected from the worker's point of view, it qualifies as an
 injury by accident. Pee at 171, 573 S.E.2d at 787.
The Appellate Panel found Barr sustained repetitive trauma to her
 right and left upper extremities, including trigger thumbs and cyst, and such
 injury arose out of and in the course of her employment as a food service
 operator for Employer. Barr prepared food, served food, cleaned, and stocked
 shelves, job duties which required repetitive use of her hands.  The Appellate
 Panel concluded Barr sustained thirty-five percent loss of use to each the
 right and left upper extremity. In finding Barr suffered a temporary total
 disability caused by her course of employment, the Appellate Panel relied upon
 testimony from Barr and deposition testimony from Dr. Gheraibeh concerning
 causation, treatment, and maximum medical improvement.  
Barr testified that she began noticing numbness and tingling in
 her fingers in 2000 or 2001. She continued to work but as time passed the pain
 and numbness progressed to her hands, her wrists became sore, and she could not
 maintain a grip on objects in her hands.  Barr also described the
 baking, mopping, scrubbing, lifting, stocking, and serving required by her
 job. She testified she worked with three other women to prepare meals for 700
 to 800 students. While the kitchen tasks rotated every week, Barr still
 repeated such tasks over and over again during the course of her employment. In
 addition, the tasks all required use of her hands in a repetitive motion as she
 made numerous biscuits, pulled apart frozen chickens, and washed dishes every
 day. Barr worked seven hours a day, five days a week during the school
 year for six years in the school cafeteria. 
Dr. Gheraibeh testified Barr came to him after suffering from
 numbness in both hands for several years.  Dr. Gheraibeh explained that
 he performed carpal tunnel release surgery on both of Barrs hands since
 surgery is more effective than Barrs previous treatment of splinting.[2]  Dr. Gheraibeh testified the
 carpal tunnel release surgeries would not cure the damage already done to the
 nerve, but was intended to prevent the condition from getting worse. 
Although Barr reached maximum medical improvement regarding her
 carpal tunnel syndrome in April 2003, Barr also suffered from trigger thumb.
 Dr. Gheraibeh performed trigger thumb release surgery on Barrs left hand in
 June 2003.[3]  Dr. Gheraibeh testified that it is difficult to conclude the pain in
 Barrs thumb is separate from carpal tunnel syndrome since the thumb is
 involved in the carpal tunnel. In August of 2003, Dr. Gheraibeh also diagnosed
 Barr as suffering from cervical strain and neck pain. Dr. Gheraibeh testified
 that the pain is all connected as the nerve that runs through the carpal
 tunnel in the wrist continues up the neck. Dr. Gheraibeh found Barr reached
 maximum medical improvement in December 2003. 
Dr. Gheraibeh testified that Barrs carpal tunnel syndrome was
 caused by repeated forceful flexion of the wrist and fingers. He described
 the combination of force and repetition and posture present in food
 processing work as the source of Barrs repetitive trauma.[4] Accordingly, we find substantial
 evidence in the record to support the Appellate Panels finding that Barrs
 injuries to both her right and left upper extremities arose out of repetitive
 trauma in the course of her employment.  
2.  Appellants claim the
 Appellate Panel erred in failing to make a detailed finding with respect to the
 statutory notice requirement.  More specifically, Appellants claim Barr did not
 give timely notice as required by South Carolina Code Section 42-15-20.  We
 disagree.
The Appellate
 Panel found the last date of exposure was January 30, 2003, and the claimant
 gave notice to employer within ninety days. The South Carolina Supreme Court
 has held, [t]he findings of fact of an
 administrative body must be sufficiently detailed to enable the reviewing court
 to determine whether the findings are supported by the evidence and whether the
 law has been properly applied to those findings. Heater of Seabrook, Inc.
 v. Public Service Comn of South Carolina, 332 S.C. 20, 26, 503 S.E.2d 739,
 742 (1998).  With a simple review of the record on appeal this court was able
 to determine the Appellate Panels finding is sufficiently supported by evidence
 from Employers own records. 
On March 19, 2003, Employer stamped a Certification of Physician
 or Practitioner form as received by their personnel department. The form
 includes Barrs name, her treating physician, and the diagnosis of bilateral
 carpal tunnel syndrome. The form also notes the carpal tunnel syndrome
 commenced several years ago and that Barr is currently not able to work.
 Accordingly, we find substantial evidence in the record to support the Appellate
 Panels finding that Barr gave notice to Employer within the statutorily
 required ninety days.[5] 
In Bass
 v. Isochem, this court found that Section 42-15-20 provides no specific
 method of giving notice, the object being that the employer be actually put on
 notice of the injury so he can investigate it immediately after its occurrence
 and can furnish medical care for the employee. 365 S.C. 454, 473, 617 S.E.2d
 369, 379 (Ct. App. 2005). The requirement of notice is not a mere formality and
 the burden is upon the claimant to show compliance with the notice provision. Id.  A repetitive trauma injury, such as carpal tunnel syndrome, has a gradual onset
 caused by the cumulative effect of repetitive traumatic events or
 mini-accidents.  Schulknight v. City of North Charleston, 352 S.C.
 175, 178, 574, S.E.2d 194, 195 (2002).  The exact date an accident occurs is
 difficult to ascertain in a repetitive trauma case because there is no definite
 time of injury. Id.  
Although
 Barr did not file a workers compensation commission Form 50 until May 8, 2003,
 Barr testified she previously informed her immediate supervisor and assistant
 manager, Hurley McMillian, that she was hurting. When there is some knowledge
 of accompanying facts connecting the injury or illness with the employment, and
 signifying to a reasonably conscientious supervisor that the case might involve
 a potential compensation claim, then notice is adequate. Bass at
 473-74, 617 S.E.2d at 379.  Accordingly, we find Barr gave adequate notice to
 Employer.  
AFFIRMED.
HEARN, C.J.,
 KITTREDGE and THOMAS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.
[2] Before Barr sought
 treatment with Dr. Gheraibeh, she saw Dr. Healy in Florence in June 2001. Dr.
 Healy diagnosed Barrs carpal tunnel syndrome and prescribed pain medication
 and the use of splints on Barrs wrists. When he first saw her in January 2003,
 Dr. Gheraibeh was aware of Barrs previous treatments and that her pain
 continued to increase. 
[3] Barr elected not to have
 the recommended trigger thumb release surgery on her right hand. 
[4] Dr. Gheraibeh denied Barrs
 carpal tunnel syndrome or trigger thumb had any relation to an incident in the
 Spring of 2001 when the back of Barrs hand was popped by a mixer. 
[5] South Carolina Code Section 42-15-20 provides that
 [e]very injured employee or his representative shall immediately on the
 occurrence of an accident, or as soon thereafter as practicable, give or cause
 to be given to the employer a notice of the accident and [n]o compensation shall be payable unless such notice is given
 within ninety days after the occurrence of the accident. S.C. Code Ann. §
 42-15-20 (2007).